# IN THE SUPREME COURT OF TEXAS

═══════════

No. 14-0214

═══════════

ANDREWS COUNTY, TEXAS, ANDREWS INDUSTRIAL FOUNDATION, AND ANDREWS
CHAMBER OF COMMERCE, PETITIONERS,

v.

SIERRA CLUB, RESPONDENT

═══════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS
═══════════════════════════════════════════════════

**PER CURIAM**

When a plaintiff's claim implicates a defendant's valid exercise of First Amendment rights,

the Texas Citizens Participation Act allows the defendant to move for dismissal. TEX. CIV. PRAC.

& REM. CODE § 27.003(a). To defeat the defendant's dismissal motion, a plaintiff must "establish[]

by clear and specific evidence a prima facie case for each essential element of the claim in question."

*Id.* § 27.005(c). In *In re Lipsky*, ___S.W.3d ___, ___ (Tex. 2015), we explained that the phrase

"clear and specific evidence" neither imposes a heightened evidentiary burden nor categorically

rejects the use of circumstantial evidence when determining the plaintiff's prima-facie-case burden

under the Act.

In contrast to *Lipsky*, the court of appeals here concluded that the statute's "clear and specific

evidence" requirement indicated an elevated evidentiary standard that did not permit the use of

circumstantial evidence or reasonable inferences to support the plaintiff's prima facie case. 418 S.W.3d 711, 715-16 (Tex. App.—El Paso 2013).  Applying that standard, the court concluded that the plaintiff (Andrews County) failed to meet the Act's prima-facie-case burden and that the trial court accordingly erred when it did not grant the defendant's (Sierra Club's) motion to dismiss. *Id.* at 719.  Because the evidentiary standard applied by the court is contrary to our decision in *Lipsky*, we remand the case for the court of appeals's further consideration in light of our recent explanation of the statutory standard.  Andrews County's petition for review is accordingly granted and, without hearing oral argument, we reverse and remand to the court of appeals for further proceedings consistent with our opinion.  TEX. R. APP. P. 59.1.


Opinion Delivered: May 8, 2015