

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-15-00141-CV

_____

JOSEPH E. MCCLAIN III, APPELLANT

V.

DELL INC., SEATON CORP. D/B/A STAFF MANAGEMENT, APPELLEES

On Appeal from the 200th District Court
Travis County, Texas
Trial Court No. D-1-GN-14-005063; Honorable Darlene Byrne, Presiding

September 24, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Joseph E. McClain III, proceeding *pro se* and *in forma pauperis*, filed this appeal from the trial court's order granting the motion of Dell, Inc., Seaton Corp. d/b/a Staff Management (hereafter Dell) for sanctions, a declaration that McClain is a vexatious litigant, dismissing McClain's fourth suit against Dell, and ordering him to pay Dell $4,000 in attorney's fees. The case was originally appealed to the Third Court of Appeals; however, it was later transferred to this court by the Texas Supreme Court

pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). In deciding this case, we are unaware of any conflict between precedent of the Third Court of Appeals and that of this court on any relevant issue. TEX. R. APP. P. 41.3. We affirm the trial court's order.

BACKGROUND[1]

According to the record, in 2011, McClain was hired to train as a sales representative for Genesis Networks Enterprises LLC, a contractor hired by Staff Management who is a third party provider to Dell. He was never employed by Dell. He missed mandatory training and was fired by Genesis almost immediately. He filed his original suit against Dell in 2011 asserting breach of an implied contract, wrongful termination, and defamation. His pleading was also peppered with negligence claims. That suit resulted in a summary judgment in Dell's favor on August 1, 2012. McClain next filed suit for declaratory judgment against Dell in April 2013 arising from the same circumstances as the first suit. Litigation ended when the trial court granted Dell's motion to dismiss with prejudice on May 8, 2013.

An appeal of that order was dismissed for failure to file a brief. *McClain v. Dell, Inc.*, No. 13-13-00398-CV, 2013 Tex. App. LEXIS 14445, at *2 (Tex. App.—Corpus Christi Nov. 26, 2013, pet. dism'd w.o.j.) (mem op.).[2] The Thirteenth Court of Appeals also denied a petition for writ of mandamus filed by McClain in conjunction with that appeal wherein it stated, "[i]n fact, at the present time, the court is unable to discern the

---

[1] Facts presented in this opinion are derived from the appellate record. In their briefs, the parties reference facts outside the record. References outside the record have not been considered.

[2] Similar to the appeal being transferred in this case, the appeal in that case was transferred from the Third Court of Appeals to the Thirteenth Court of Appeals.

precise nature of the relief sought by relator." *In re McClain*, No. 13-13-00648-CV, 2013 Tex. App. LEXIS 14446, at *3 (Tex. App.—Corpus Christi Nov. 26, 2013, orig. proceeding) (mem. op.).

In 2013, McClain initiated a third lawsuit against Dell in a small claims court in Travis County, Texas. Again, the suit was dismissed. On December 4, 2014, McClain filed the underlying suit, his forth claim against Dell arising from the same circumstances. *Via* his original petition, he alleged, among other claims, that Dell violated the Deceptive Trade Practices—Consumer Protection Act and the Theft Liability Act.[3] He then amended his petition which reads like a laundry list of statutes and rules. He also asserts a conspiracy against him.

Dell answered the suit and asserted affirmative defenses of *res judicata*, collateral estoppel, and judicial privilege. The suit was resolved when the trial court granted Dell's *Motion for Sanctions*, *Motion to Dismiss*, *and Motion for Declaration that Plaintiff is a Vexatious Litigant*. McClain filed his *pro se* notice of appeal expressing "intent to appeal the trial court's judgment rendered on February 03, 2015."

By his amended brief, McClain contends (1) the records presented by Dell as grounds for a vexatious litigant are inaccurate; (2) his constitutional rights were violated by the trial court's refusal to hold a hearing on certain motions, and Rule 91a of the Texas Rules of Civil Procedure was not followed in dismissing his case as a baseless cause of action; (3) a confession must be excluded if obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966); (4) that without

---

[3] TEX. CIV. PRAC. & REM. CODE ANN. § 17.41 (West 2015), § 134.001 (West 2011).

admission of "defendant's" testimony the facts are unsubstantiated without the actual filing of a document with the clerk; and (5) a plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to the merits of a claim. Independent of his issues, McClain also asserts his constitutional rights under chapter 27 of the Texas Civil Practice and Remedies Code, the Texas Citizens Participation Act, were violated. In response, Dell argues the trial court correctly granted its motion to dismiss under Rule 91a, McClain's claims are barred by *res judicata*, and the trial court correctly declared McClain a vexatious litigant.

ANALYSIS

In reviewing a myriad of disjointed briefs, documents, and motions filed by McClain in this court we distill three perceivable complaints: (1) his dispute concerning the trial court's declaration that he was a vexatious litigant (issue one), (2) his challenge to the dismissal of his fourth lawsuit pursuant to Rule 91a of the Texas Rules of Civil Procedure (issue two), and (3) the alleged violations of chapter 27 of the Texas Civil Practice and Remedies Code (undesignated issue). We address those issues seriatim herein below.

McClain's third, fourth, and fifth issues implicating the criminal law principle of *Miranda v. Arizona*, citing to certain provisions of the Texas Penal Code, alleging unsubstantiated facts without supporting documentation in the record, complaining of a plea to the jurisdiction, and raising mandamus issues are incomprehensible and basically nonsensical.[4] Frankly, like the Thirteenth Court of Appeals, this court is

---

[4] Appellate courts review and evaluate *pro se* pleadings with liberality and patience, but otherwise apply the same standards applicable to pleadings drafted by an attorney. *Paselk v. Rabun,* 293 S.W.3d

4

unable to discern the precise nature of the relief sought by those issues; and, therefore, issues three, four, and five are overruled.

DECLARATION AS A VEXATIOUS LITIGANT

Under chapter 11 of the Texas Civil Practice and Remedies Code, a trial court "may find a plaintiff a vexatious litigant," if certain statutory elements are met. TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (West Supp. 2014). One of the ways to declare a plaintiff a vexatious litigant is for a defendant to show that there is not a reasonable probability the plaintiff will prevail in the litigation against the defendant and that after the litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, *pro se*, either: (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined. *Id.* at § 11.054(2).

We review a trial court's determination that a plaintiff is a vexatious litigant for abuse of discretion. *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). "A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence." *Id.*

According to the record, McClain, proceeding *pro se*, first sued Dell in 2011. The suit ended in summary judgment in Dell's favor. A second suit filed by McClain was

_____

600, 604, n.1 (Tex. App.—Texarkana 2009, pet. denied). While we are aware that McClain is acting *pro se,* even a liberal construction of his issues and arguments under Rule 38.9 of the Texas Rules of Appellate Procedure does not aid in deciphering them.

dismissed in Dell's favor at the trial court level and at the appellate level. A petition for writ of mandamus was also decided against McClain, after which he pursued another suit against Dell based on the same underlying facts as the previous suits. After that claim was dismissed, McClain filed a fourth suit. McClain proceeded *pro se* in all four suits, the appeal, and the mandamus proceeding. Based upon this record, we conclude the trial court did not abuse its discretion in declaring McClain a vexatious litigant against Dell after his repeated attempts to litigate the same claims which had previously been resolved against him. Issue one is overruled.

DISMISSAL UNDER RULE 91a

Rule 91a of the Texas Rules of Civil Procedure sets forth the procedure for dismissal of a baseless cause of action. TEX. R. CIV. P. 91a. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* at 91a.1. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.* We review a trial court's ruling on a Rule 91a motion *de novo*. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

McClain maintains that Dell failed to follow the procedural requirements of Rule 91a. He asserts Dell used the rule with intent to commit fraud which he contends is documented. The burden is on an appellant to provide a sufficient record on appeal presenting reversible error. *In re Marriage of Pyrtle*, 433 S.W.3d 152, 166 (Tex. App—Dallas 2014, pet. denied). McClain did not designate for inclusion in the record Dell's Rule 91a motion and other documents he urges support his argument. Based on the

6

clerk's record before us, we are unable to evaluate the merits of his complaint that proper procedure was not followed.[5] Issue two is overruled.

VIOLATIONS OF CHAPTER 27 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

McClain also asserts his constitutional rights under chapter 27 of the Texas Civil Practice and Remedies Code, the Texas Citizens Participation Act, have been violated. Chapter 27 of the Act balances the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law against the rights of persons to file meritorious lawsuits for demonstrable injury. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001-.011 (West 2015); *Serafine v. Blunt*, No. 03-12-00726-CV, 2015 Tex. App. LEXIS 6594, at *3-4 (Tex. App.—Austin June 26, 2015, no pet. h.) (on reh'g). The Act is designed to protect citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015). The Act allows a defendant to move for dismissal when a plaintiff's claim implicates the defendant's valid exercise of First Amendment rights. *Andrews County v. Sierra Club*, No. 14-0214, 58 Tex. Sup. J. 941, 2015 Tex. LEXIS 436, at *1 (Tex. May 8, 2015).

While Dell, as a defendant, did move to dismiss McClain's suit, it did not invoke chapter 27 as a ground for dismissal. McClain's reliance on chapter 27 of the Texas Civil Practice and Remedies Code simply has no application to the facts of this case or this appeal.

---

[5] Under this same issue, McClain rambles about abuse of discretion by the trial court in not hearing his "*Motion for Judicial Notice*" and "*Motion to Contest the Constitutionality of a Statute/Motion to Stay Judgment*." These documents do not appear in the record before us.

Additionally, McClain's fourth suit is barred by *res judicata*. The doctrine of *res judicata* seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). For the doctrine to apply there must be: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Id.* A final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. *Barr v. Resolution Truse Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992).

Since 2011, McClain has filed four suits against Dell, each arising from the same set of circumstances and each suit resolved in Dell's favor. The merits of his claim were resolved in 2012 and the doctrine of *res judicata* applies. McClain is not entitled to any relief from this court. His additional undesignated issue is overruled.

MOTIONS AND OBJECTIONS

By orders dated May 19, 2015, and June 23, 2015, this court considered numerous motions and objections filed by McClain and ruled that they were either beyond the authority granted to this court by the Texas Constitution or statute, or they were simply incomprehensible and confusing.[6] Notwithstanding our prior rulings, McClain has again filed a plethora of motions and objections. Upon reviewing those filings, we again find they are either beyond the relief this court may grant or are

---

[6] *McClain v. Dell*, No. 07-15-00141-CV, 2015 Tex. App. LEXIS 5773 (Tex. App.—Amarillo May 19, 2015, order), and *McClain v. Dell*, No. 07-15-00141-CV, 2015 Tex. App. LEXIS 6621 (Tex. App.—Amarillo June 23, 2015, order).

8

incomprehensible. Consequently, all pending motions are denied and all pending objections are overruled.

CONCLUSION

The trial court's order is affirmed and all other relief requested is denied.

Per Curiam