ACCEPTED
03-15-00498-CV
8031109
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/1/2015 12:12:57 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00498-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/1/2015 12:12:57 PM
JEFFREY D. KYLE
Clerk

**IN THE
THIRD COURT OF APPEALS
AT AUSTIN, TEXAS**

**LONG CANYON PHASE II HOMEOWNERS ASSOCIATION, INC.,**

*Appellants*,

**v.**

**CHRIS CASHION AND LISA CASHION**

*Appellees*.

**Appealed from the County Court at Law. No. 2 of
Travis County, Texas
Cause No. C-1CV-15-001016**

## APPELLEE BRIEF

WILLIAM C. DAVIDSON
State Bar No. 05447000
AMY WELBORN
State Bar No. 24012853
CHAMBERLAIN & McHANEY
P. O. Box 684158
301 Congress, 21st Floor (78701)
Austin, Texas 78768-4158
Phone: (512) 474-9124
Fax: (512) 474-8582
bdavidson@chmc-law.com, awelborn@chmc-law.com

**ORAL ARGUMENT REQUESTED**

# IDENTITIES OF PARTIES AND COUNSEL

| | |
|---|---|
| Defendant/ Appellant:<br>Long Canyon Phase II and III Homeowners Association, Inc. | Frank O. Carroll III (Appellate Counsel)<br>Dawn Holiday (Appellate Counsel)<br>Amy M. VanHoose (Trial Court Counsel)<br>Mark B. Rabe (Trial Court Counsel)<br>Adam L. Robertson (Trial Court Counsel)<br>ROBERTS MARKEL WEINBERG BUTLER HAILEY PC<br>2800 Post Oak Blvd, 57th Floor<br>Houston, Texas 77056<br>(713) 840-1666 Telephone<br>(713) 840-9404 Facsimile<br>fcarroll@rmwbhlaw.com,<br>dholiday@rmwbhlaw.com<br>avanhoose@rmwbhlaw.com<br>mrabe@rmwbhlaw.com<br>arobertson@rmwbhlaw.com |
| Plaintiff/ Appellees:<br>Chris Cashion and Lisa Cashion | William C. Davidson (Lead Counsel)<br>State Bar No. 05447000<br>Amy Welborn ( Trial Court Counsel)<br>State Bar No. 24012853<br>CHAMBERLAIN & McHANEY<br>P. O. Box 684158<br>301 Congress, 21st Floor (78701)<br>Austin, Texas  78768-4158<br>Phone: (512) 474-9124<br>Fax: (512) 474-8582<br>bdavidson@chmc-law.com,<br>awelborn@chmc-law.com |

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL…………………………………....ii

TABLE OF CONTENTS …………………………………………………………iii

TABLE OF AUTHORITIES ………………………………………………...v

PARTIES AND RECORD REFERENCES …………………………………..1

STATEMENT OF THE CASE………………………………………….…2

STATEMENT REGARDING ORAL ARGUMENT………………………...4

STATEMENT OF JURISDICTION…………………………………….....5

ISSUE PRESENTED………………………………………………………6

STANDARD OF REVIEW………………………………………………...6

STATEMENT OF THE FACTS……………………………………………...7

    A.    Creation of the Association Pursuant to Restrictive Covenants……...7

    B.    The Association's dealings with the Cashions…………………………..8

    C.    The Demand Letter…………………………………………………9

    D.    The Response to the Demand Letter…………………………………9

    E.    The Cashions seek a Declaratory Judgment and Damages against the Association…………………………………………………10

    F.    The Association Moves to Dismiss Pursuant to the Texas Citizens Participation Act…………………………………………………11

SUMMARY OF THE ARGUMENT…………………………………………………..11

ARGUMENTS & AUTHORITIES………………………………………………….14

    A.    The Texas Citizens Participation Act………………………………..14

        1.  The Purpose of Texas Citizens Participation Act is to Deter Frivolous Lawsuits Brought to Chill Exercising the Right of Association, Free Speech, and to Petition………………….….…14

        2. The Right to Petition and the Right of Association………………15

        3. Three Step Burden Shifting Dismissal Mechanism………………17

    B.    The Trial Court Did Not Err in Denying the Association's Motion to Dismiss…………………………………………………………………18

        1. The Cashions' lawsuit does not infringe on the Association's right to petition………………………………………………………………19

        2. The Cashions' lawsuit does not infringe on the Association's right of association………………………………………………………...22

        3. The Cashions' established by clear and specific evidence, a prima facie case for each essential element of the claim in question………23

        4. The Association did not present by a preponderance of the evidence the elements of a valid defense……………………………………...27

PRAYER...……………………………………………………………………….28

CERTIFICATE OF COMPLIANCE………………………………………………...29

CERTIFICATE OF SERVICE……………………………………………………….29

# TABLE OF AUTHORITIES

**Cases**

*Andrews County v. Sierra Club*, 58 Tex. Sup. Ct. J. 941, 2015 Tex. LEXIS 436 (May 8, 2015) ................................................................................................ 20

*In re Lipsky*, 460 S.W.3d 579, No. 13-0928, 2015 Tex. LEXIS 350, 2015 WL 1870073 (Tex. Apr. 24, 2015) .............................................................. 13, 15, 21

*Serafine v. Blunt*, 466 S.W.3d 352 (Tex. App.—Austin 2015) ..................... *passim*

*Sierra Club v. Andrews County*, 418 S.W.3d 711 (Tex. App.—El Paso 2013) ...................................................................................................... 19, 20, 24

*Sloat v. Rathbun*, No. 03-14-00199-CV, 2015 Tex. App. LEXIS 11537 (Tex. App.—Austin Nov. 6, 2015) ........................................................... 14, 24, 25, 26

**Texas State Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 27.001 (West) .................................. *passim*

Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (West) ........................................ 15

Tex. Civ. Prac. & Rem. Code Ann. § 27.003 (West) ..................................... 5, 15

Tex. Civ. Prac. & Rem. Code Ann. § 27.004(4)(A)(i), (C) (West) ...................... 16

Tex. Civ. Prac. & Rem. Code Ann. § 27.005 (West) ........................... 6, 18, 19, 27

Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a) (West) ...................................... 18

Tex. Civ. Prac. & Rem. Code Ann. § 27.011(b) (West) ...................................... 15

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (West) .................................. 5

**Rules**

Tex. R. App. P. 39.1 ....................................................................................... 4

## PARTIES AND RECORD REFERENCES

**Parties**

Appellant, Long Canyon Phase II and III Homeowners Association, Inc. is referred to as "the Association" or "Appellant".

Appellees, Chris Cashion and Lisa Cashion are referred to as "the Cashions" or "Appellees."

**Record**

| Reference | Meaning |
| --- | --- |
| CR [ ] | Clerk's Record at [page] |
| SCR [ ] | Supplement Clerk's Record at [page] |
| RR [ ] | Reporter's Record at [page] |

1

## STATEMENT OF THE CASE

**Nature of the Case**

This appeal arises from the trial court's denial of the Association's Motion to Dismiss that it filed pursuant to Texas Civil Practices and Remedies Code §27.003 (the "Texas Citizens Participation Act" referred to herein as "TCPA").

**Course of Proceedings**

The Cashions own a residence that is subject to the jurisdiction of the Association. On or about December 18, 2014, the Association sent a demand letter (referred to as the "demand letter) to the Cashions (CR- 127) stating that if the Cashions did not pay a fine to the Association and damages it asserted for the alleged mowing of grass and cutting dead trees and other unspecified acts, it intended to file a lien against the Cashions' property and sue them to collect the fine and damages.

The Cashions' filed suit against the Association requesting: (i) a declaration that the Association was acting beyond its authority in imposing a fine on the Cashions and in attempting to enforce its rules against the Cashions and (ii) for damages for infliction of emotional distress and harassment. (CR 7—16).

The Association filed a Motion to Dismiss the Cashions' damages claim for emotional distress and harassment pursuant to the Texas Citizens Participation Act (the "Motion"). (CR-74-130)

The trial court denied the Motion and this appeal was taken. (CR 197)

2

**Trial Court**

County Court at Law No. 2, Travis County, Texas, Hon. Judge Eric M. Sheppard presiding; Cause No. C-1-CV-15-001016.

## STATEMENT REGARDING ORAL ARGUMENT

The Cashions request oral argument, pursuant to Tex. R. App. P. 39.1. As interpretation of the Texas Citizens Participation Act is rapidly evolving, the decisional process would be significantly added by oral argument.

## STATEMENT OF JURISDICTION

The Court has jurisdiction to consider this appeal pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (West) because this is an appeal from a trial court's interlocutory denial of the Association's Motion to Dismiss filed under the "TCPA," or Texas Citizens Participation Act. *Id.* § 27.003.

## ISSUE PRESENTED

The Trial Court correctly denied the Association's Motion to Dismiss, because the demand letter sent by the Association to the Cashions threatening a lawsuit if the Cashions did not pay a fine and damages to the Association does not constitute a protected constitutional right as described in the Texas Citizens Participation Act.

## STANDARD OF REVIEW

The Court's inquiry in this review is twofold:

1) Did the Association show by a preponderance of the evidence that the Cashion's suit was based on, related to, or was in response to the exercise of the right of the Association to petition or the right of association?

2) If so, did the Cashions establish by clear and specific evidence a prima facie case for each essential element of each claim in question?

*See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b), (c); *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.). Both of these are questions of law this Court reviews *de novo. Serafine*, 466 S.W.3d at 357.

## STATEMENT OF THE FACTS

### A. **Creation of the Association Pursuant to Restrictive Covenants.**

The Cashions are the owners of property located at 5920 Standing Rock Drive, Austin, Travis County, Texas. (CR 9). The property is a residence and is the homestead of the Cashions. *Id.* The property is located in the Long Canyon Subdivision Phase IIIA and is subject to restrictive covenants of record in Vol. 12707, Page 0654 of the Real Property Records of Travis County, Texas, known as Declaration of Covenants, Conditions and Restrictions, Long Canyon Section IIIA, (the "Declaration"). (CR 99). Pursuant to the Declaration, Defendant Long Canyon Phase II and III Homeowners Association, Inc. was created. (CR 97). The Cashion property is subject to the authority granted to the Association in the Declaration. *Id.*

A portion of the Cashion's property is designated as a "Drainage Easement". The Drainage Easement is defined in Section 10.7 of the Declaration and is the area designated on the Plat. (CR 98). The Declaration does not give the Association or the ACC the affirmative authority to regulate the Drainage Easement other than that portion of Section 9.04 of the Declaration that requires ACC consent for development, or addition improvements, or structures within the Drainage Easement. (CR 122). The Association is granted no authority relating to the Drainage Easement. The portion of 9.04 relating to disturbing or displacing any trees or other vegetation within the drainage easement is specifically stated in Section 9.04

7

to be a "covenant". (CR 122). Section 8.05 is the only provision within the Declaration relating to enforcement of the Declaration. (CR 116). That Section allows the Association or any member to file suit to enforce a provision of the Declaration.

Neither the Declaration nor the Association's Articles of Incorporation authorize the Association to assess a fine against any of its members or to collect a fine for a violation of the Declaration or any rule of the Association or ACC. (CR 90-123).

**B. The Association's dealings with the Cashions.**

The Association and the Cashions have a long history of disagreement about the scope of the Association's authority *vis a vis* its members and its penal actions against its members. (SCR 8). Over the course of the past few years, the Association has established a pattern of systematically harassing the Cashions. (SCR 8). In 2009, the Association refused return a $10,000 construction deposit to the Cashions, claiming that it was entitled to keep the deposit because the Cashions removed vegetation in the drainage easement. *Id.* The Cashions sued the Association, which resulted in the full return of the deposit to the Cashions. (SCR 25).

The Cashions assert that the Association has not given them a clear answer on what the Association believes they are and are not allowed to do in the Drainage Easement. (SCR 24-26). The Cashions assert that the Association and several of its

8

board members constantly monitor their activities in their back yard and the Drainage Easement and threaten to fine them for mowing or cutting dead trees and dry grass and bushes that the Cashions consider to be fire hazards. *Id.* Even though the Cashions have expressed to the Association that it does not have the authority to fine the Cashions or regulate the activities of any member in the Drainage Easement, the Association and its board members have continued to threaten fines and damages against the Cashions. *Id.*

## C. The Demand Letter

On or about December 18, 2014 the Cashions received a letter in which the Association, through the Board threatened to fine them $8,000.00, file suit, seek damages from them in the amount of $10,000.00 and file a lien against their property for violations of the Declaration, Architectural Control Committee ("ACC") rules and Association Bylaws. (CR 127). The letter concluded that the Cashions "unlawfully" damaged the Drainage Easement by cutting down a dead tree and mowing their lawn, for which the Association was demanding $18,000 and attorney fees. *Id.*

## D. The Response to the Demand Letter

The initial response of the Cashions to the Association demand letter was to request that the Board of Directors provide an itemized list of the alleged violations

9

referred to in the letter, the identity of the person who made the complaint, the date, the nature, and a description of the claim. (CR 130). The Cashions also requested information that would support the Associations claim that the Cashions: i) developed landscape improvement in the drainage easement, ii) cut and displaced any trees, and iii) conducted activates like mowing, and iv) a copy of each notice of any alleged violation of the provisions of the drainage easement. (CR 130). The Association failed or refused to provide the requested information. (SCR 23-25).

**E. The Cashions seek a Declaratory Judgment and Damages against the Association.**

The Cashions were concerned that without judicial intervention they would face continued uncertainty about the use and maintenance of the Drainage Easement, and would have continued attempts by the Association to impose fines against them. The Cashions filed this lawsuit against the Association seeking a declaratory judgment that the Articles of Incorporation of the Association and the Declaration do not authorize the Association and the Board of Directors to impose fines on its members and establish and enforce regulations on the use and maintenance of the Drainage Easement. (SCR 7-23). The purpose of the lawsuit was to determine, once and for all if the Association had the authority to fine its members as it was claiming. *Id.* Additionally, the Cashions sought damages for negligence and intentional infliction of emotion distress caused by the harassment against them by

10

the Association and the Board of Directors and sought to enjoin further bad faith and ultra vires acts. (CR 7-16).

**F. The Association Moves to Dismiss Pursuant to the Texas Citizens Participation Act.**

The Association filed a Motion to Dismiss Pursuant to the TCPA on May 8, 2015 (the "Motion"). (CR 74-130). The Association asserts in the Motion that the Cashions infringed on the Associations right to petition and right of association by filing this lawsuit. *Id.* At the hearing on July 16, 2015, counsel for the Association informed the court and the Cashions with regard to the declaratory judgment that they were withdrawing the declaratory judgment claim of the Cashions from the Motion. (RR 8; 20). On the record the Association withdrew the portion of their motion relating to the declaratory judgment. (RR 12; 20-22). The Honorable Eric M. Sheppard denied the Associations motion to dismiss on July 22, 2015. (CR 197).

## SUMMARY OF THE ARGUMENT

The trial court did not err in denying the Associations motion to dismiss. The demand letter sent to the Cashions by the Association (CR-127) (referred to in Appellant's Brief as the "notice letter" or "209 Letter") is not a communication that is protected as "the exercise of the right of petition" by the TCPA. It is no more than the typical pre-suit demand letter generally sent prior to the filing of a lawsuit. The Association's assertion that the protective umbrella of the TCPA cloaks the letter

11

because the Texas Property Code Section 209.006 requires that it send notice to a property owner member of the Association prior to suing that member is without merit.

The argument of the Association may be boiled down to this: because the Association sent the Cashions a letter stating that we are going to sue you if you don't pay fines and damages, the Cashions cannot sue the Association. In other words, if one party tells the other party it is going to file suit against that party, the receiving party cannot file suit against the demanding party without violating the constitutional right of the demanding party to exercise its right to file a lawsuit first. This leads to a ridiculous result. There is no constitutional right to file a lawsuit first. If the Association should prevail on its Motion, every defendant that has previously sent a plaintiff a demand letter will now claim that the lawsuit should be dismissed because they got sued first. The courts will be clogged with motions to dismiss that will cause the lawsuits to stop while a motion to dismiss winds its way through the court process.

There is no evidence in the record that the Cashions filed suit against the Association solely because the Association sent them a demand letter threatening a suit against them. In fact the record is replete with evidence that there is an ongoing dispute between the Cashions and the Association beginning in 2009 relating to the scope of authority of the Associations over the home and yard of the Cashions.

12

Therefore, even though the demand letter may have precipitated a suit, it was not the cause of the suit.

The purpose of the Texas Citizens Participation Act is to deter frivolous lawsuits brought to chill protected First Amendment Rights. *In re Lipsky*, 460 S.W.3d 579, 589, No. 13-0928, 2015 Tex. LEXIS 350, 2015 WL 1870073 (Tex. Apr. 24, 2015). The dismissal mechanism has a three-step burden shifting process before a claim to be dismissed based on the TCPA. First, the movant (the Association) must show that the suit was brought to chill a protected First Amendment Right.

This appeal should be denied because the Association failed to meet its burden of showing that the demand letter constitutes a protected communication relating to its right to petition and assemble. The Association failed to show by any credible evidence that the filing of a lawsuit by the Cashions after receiving a lawsuit threat from the Association in any way affected the Association's right to petition. The assertion of the Association that the demand letter constitutes a common effort between it and its members, including the Cashions, is without merit.

Even if the Association had met its initial burden, the Cashions presented clear and specific evidence showing prima facie evidence of each element of the cause of action sought to be dismissed.

This Court may only look to the pleadings and affidavits that were presented to the trial court since there was no discovery conducted on the Motion. *Sloat v. Rathbun*, No. 03-14-00199-CV, 2015 Tex. App. LEXIS 11537, at *7 (Tex. App.— Austin Nov. 6, 2015). Further, the pleadings and affidavits must be viewed in the light most favorable to the Cashions as they are both the non-movant and the prevailing party. *Id.* at 8.

For these reasons, the order of the trial court should be sustained.

## ARGUMENTS & AUTHORITIES

### A. The Texas Citizens Participation Act.

The Association sought dismissal of the Cashion's claim relating to negligence, harassment, and infliction of emotional distress under the Texas Citizens Participation Act, Tex. Civ. Prac. & Rem. Code §§ 27.001, et seq. (the "TCPA"), which is an "anti-SLAPP" law. *Serafine*, 466 S.W.3d at 356. "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation."

### 1. *The Purpose of Texas Citizens Participation Act is to Deter Frivolous Lawsuits Brought to Chill Exercising the Right of Association, Free Speech, and to Petition.*

The stated purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and,

14

at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. Subsection (b) of section 27.011 states that the TCPA "shall be construed liberally to effectuate its purpose and intent fully." Tex. Civ. Prac. & Rem. Code Ann. § 27.0011(b). Read in conjunction with section 27.002, this mandate refers to an equal duty to "liberally construe" the statue both to "encourage and safeguard the constitutional rights" while "protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury" Tex. Civ. Prac. & Rem. Code Ann. §§ 27.002, 27.011(b).

The Texas Supreme Court recognized that "[t]he TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d at 589.

### 2. *The Right to Petition and the Right of Association*

The TCPA is a procedural mechanism for early dismissal of frivolous suits based on a party's exercise of the right of free speech, the right to petition, or the right of association. Tex. Civ. Prac. & Rem. Code Ann. § 27.003. Section 27.003 permits a party to file a motion to dismiss a legal action that is based on, relates to, or is in response to a party's exercise of a First Amendment right. *Id.*

The Association claims that the Cashion's lawsuit was made in response to exercising the Association's right to petition and the Association's exercise of the right of association.

The TCPA definition of the "exercise of the right to petition" includes "a communication in or pertaining to…a judicial proceeding;…a communication that is reasonably likely to encourage consideration or review of an issue by a judicial body." *Id.* § 27.004(4)(A)(i), (C). This is the only definitions under Section 27.001(4) that the Association invokes in their brief.

There is no evidence in the record that the Cashions filed this lawsuit because the Association sent the demand letter. Nor is there any evidence in the record that would support the assertion of the Association that because the Texas Property Code Section 209.006 requires that it send a notice to a member prior to filing suit to collect amounts claimed due from that member that the notice is a protected communication under the TCPA.

The record, as recognized by Appellant in its Appellant's Brief and in the demand letter, is replete with evidence of the dispute between the Cashions and the Association over its authority to regulate the Drainage Easement and to fine its members for alleged infractions of its rules. In fact the demand letter specifically recognizes and iterates that dispute. (CR 127-128). This lawsuit represents the

16

culmination of years of dispute, not a lawsuit over a claim of right or statement contained in the demand letter.

The TCPA defines the "exercise of the right of association" as a "communication between individuals who join together to collectively express, promote, pursue, or defend a common interest. *Id.* § 27.001(2). The TCPA defines "communication" as the "making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic" Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1).

The Association is an entity organized under the laws of the State of Texas as is recognized in its Articles of Incorporation. (SCR 60-65). The Association in its Appellant's Brief asserts that the demand letter constitutes a "right of association" because the demand letter is a communication "with individuals that are joined together to collectively express, promote or defend common interests". Appellant's Brief at 18). This is a frivolous argument. Clearly, the demand letter is a communication between the Association and the Cashions. There is no assertion or claim that the Association and the Cashions are joined together to collectively express, promote or defend common interests in suing the Cashions.

### 3. *Three Step Burden Shifting Dismissal Mechanism.*

In determining whether the plaintiff's claims may be dismissed, "the court shall consider the pleadings and supporting and opposing affidavits stating the facts

17

on which liability or defense is based. *Id.* § 27.006(a). In other words, the trial court can only consider pleading and affidavits in reaching its conclusion as no discovery was conducted. *Id.*

A moving party must first show by a preponderance of the evidence that the lawsuit is based on, or relates to, or is in response to the party exercising the right of free speech, the right to petition, or the right of association. *Id.* § 27.005(b).

If the court finds by a preponderance of the evidence that the legal action is based on one of the aforementioned rights the second step provides that "[t]he court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question" Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)-(c).

If the court finds that clear and specific evidence of a prima facie case for each claim then the third step is that the court may still dismiss the legal action if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the non-movants' claim. *Id.* § 27.005(d).

## B. The Trial Court Did Not Err in Denying the Association's Motion to Dismiss.

The Association failed to present any credible evidence to the trial court to meet its first burden of proof and to show that the lawsuit is based on, or relates to,

18

or is in response to the Association exercising the right of free speech, the right to petition, or the right of association. *Id.* § 27.005(b). The Association has failed to show that the demand letter is anything other than a typical pre-lawsuit letter sent by one person or entity to another stating that if you don't do what I say or pay what I demand I am going to sue you. The Association failed to assert to the trial court or produce any evidence to the trial court that it has the right to sue first. The Association offered no evidence to the trial court that shows that the Association's right to petition was affected in any way by the filing of this lawsuit.

### 1. *The Cashions' lawsuit does not infringe on the Association's right to petition.*

The Association failed to show by a preponderance of the evidence that the Cashions' claims are based on, related to, or in response the right to petition.

The TCPA protects communications made in relation to a "judicial proceeding." *Id.* § 27.001(4)(A). The Association contends that a "pre-suit" demand letter implicates a judicial proceeding. Simply because the demand letter mentions filing suit against the Cashions, does not mean that the TCPA's "right to petition" is implicated as it is not the "specific conduct complained of, from which all the other allegations of wrongdoing emanate and around which they revolve. *Sierra Club v. Andrews County*, 418 S.W.3d 711, 717 (Tex. App.—El Paso 2013), review granted,

19

judgement rev'd on other grounds, *Andrews County v. Sierra Club*, 58 Tex. Sup. Ct. J. 941, 2015 Tex. LEXIS 436, at *1 (May 8, 2015)).

The Association cites *Sierra Club v. Andrews County* for the proposition that sending a sending a pre-suit notice "is the specific conduct complained of, from which all other allegations of wrongdoing emanate and around which they revolve…the act that led to Appellee's claims," however this case is distinguishable. In *Sierra Club v. Andrews County*, the Sierra Club filed an injunction against Andrews County to stop waste shipments of low level radioactive waste to a disposal facility. *Sierra Club*, 418 S.W.3d at 714. Additionally, the Sierra Club filed multiple lawsuits against the county concerning the radioactive waste, which were consolidated into one case. *Id.* The County sued the Sierra Club for tortious interference with a lease agreement and for a declaratory judgment concerning the validity of certain provision of the lease agreement. *Id.* The County based its claims on the Sierra Club's "threats to seek injunctive relief… and to file other suits in Travis County…established the bases for its claims." *Id.* The Court found that the specific conduct complained of, from which all other allegations of wrongdoing emanate and around which they revolve was the Sierra Club's filling an injunction and other lawsuits, which caused the threat of injunctive relief. *Id.* at 717. *Sierra Club* does not stand for the proposition that *threats* of a lawsuit infringe on the right to petition, but rather suits that are actually filed and ongoing infringe on the right to

20

petition. This case is distinguishable from the instant case because at the time the Cashions filed this lawsuit no judicial proceedings were in place or pending.

Additionally, a "pre-suit" demand letter is not likely to encourage consideration or review of an issue by a "…judicial, or other governmental body." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(4)(C). This provision is meant to refer to communications made in an effort to bring an issue before a governmental or judicially body that is not currently under consideration or review by a governmental or judicial body. *See In re Lipsky*, 411 S.W.3d 530, 541 (Tex. App.—Fort Worth 2013, orig. proceeding) ("Lipsky I"), remand. denied, *In re Lipsky*, 460 S.W.3d 579 ("Lipsky II") (statements made by homeowner were designed to encourage governmental investigation of well contamination.). The Association's "pre-suit" notice letter was not intended or expected to bring to the attention and governmental or judicial body any of the issues addressed in the letter.

The Cashions claims do not fall within the scope of the TCPA because they are not in response to the singular demand letter, rather they are in response to the continuing dispute about the authority of the Association and the continued harassment by the Association. Further, there is no evidence in the record that the filing of this lawsuit prevented the Association from asserting any claims against the Cashions.

Appellants make the conclusory statement that "[b]y its fundamental nature, the 209 Letter is communication pertaining to a judicial proceeding, and is protected under the TCPA." (Appellant's Brief at 18). There is no evidence in the record to support the conclusion. Conclusory statements are not probative and do not suffice to establish a prima facie case. *Serafine*, 466 S.W.3d at 358. The Association presented no evidence that the Cashions filed suit in response to the Association's right to petition. Rather, the Association made conclusory statements in its motion to dismiss that the suit was based on the letter. The Association has failed to meet its threshold burden under §27.005 with regard to the "right to petition" allegation because it did not show by a preponderance of the evidence that the Cashions lawsuit was in response to the Association exercising its right to petition. Therefore the trial court was correct in denying the Associations motion to dismiss.

## 2. *The Cashions' lawsuit does not infringe on the Association's right of association.*

The TCPA defines "[e]xcercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2). The Association offered no evidence that the filing of this lawsuit is based on, relates to or in response to a right of association of the Association. The Association's conclusory statement that because the Cashions are members of the

22

Association the Association and the Cashions are joined "to collectively express, promote, pursue or defend various common interests of the Association" is not supported by any evidence in the record. In fact the assertion that the demand letter constitutes a collective effort between the Association and the Cashions is a perversion of the concept of association. The "common interests" to which they refer relate solely to enforcing the provisions of the Declaration. In fact, the Letter is a threat to one of the members of the Association that the member would suffer a lawsuit, fines, damages and a lien against property if the member did not act as demanded. Clearly this is not a common interest shared by the Cashions and the Association. The Cashions are not collectively joined with the Association to harass themselves. The mere fact that Cashions and Association are opposing parties to a lawsuit is evidence that their interests are not common.

Defendants have not produced any probative evidence, much less a preponderance of the evidence that the lawsuit filed by Plaintiffs is based on, relates to or is in response to the Association's right of association as defined in the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(2).

### *3. The Cashions' established by clear and specific evidence, a prima facie case for each essential element of the claim in question.*

Even if the Association had met its initial burden, the trial court correctly denied the Motion because the Cashions established by clear and specific evidence

23

a prima facie case for each essential element of their claim for harassment, negligence and intentional infliction of emotional distress.

A prima facie case is established when a party produces "enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *Sierra Club v. Andrews County*, 418 S.W.3d at 717. "Prima facie evidence until its effect is overcome by other evidence, will suffice as proof of an issue." *Serafine*, 466 S.W.3d at 358. "In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposing party." *Id.* The Cashions are the non-movant and the prevailing party in this case, therefore, the Court is to view the pleadings and affidavits of the Cashions in the light most favorable to them. *Sloat v. Rathbun*, No. 03-14-00199-CV, 2015 Tex. App. LEXIS 11537, at *8 (Tex. App.—Austin Nov. 6, 2015).

As evidence of each of the elements of the above stated causes of action, the Cashions offered the following evidence to the trial court:

The affidavit of Chris Cashion (SCR 24-27).

The Affidavit of Chris Cashion states: (i) that the Association refused to return the construction deposit to the Cashions in 2009 on completion of construction of their home at 5209 Standing Rock in the Long Canyon subdivision claiming that the Cashions had cut trees in the drainage easement in violation of the Declaration and that the deposit was going to be retained to compensate for cutting those trees and

24

bushes. (SCR 24-27). The Cashions had to sue the Association to recover the deposit. Judgment was entered in favor of the Cashions. In 2013 the Association attempted to fine the Cashions for cutting a dead tree in the drainage easement. *Id.* (ii) On a number of occasions Board Members have commented about activities of the Cashions in landscaping and maintaining their property. *Id.* (iii) That the letter in question delivered by the attorney for the Association to the Cashions was received on Christmas Eve, causing distress and mental anguish. *Id.* (iv) That the Cashions have not disturbed or removed vegetation from the drainage easement other than the dead cedar tree, since 2009. *Id.* (v) That the Cashions have not been given notice by the Association that the Cashions have violated any provision of the drainage easement covenant other than the one notice sent to the Cashions in 2013. *Id.* (vi) That the Cashions have not received any notice of an alleged or claimed violation of any rule or regulation of the Board since 2013. *Id.* The evidence contained in the Affidavit constitutes a prima facie case for each of the elements of the claims of the Cashions that are subject to the Motion.

The Association did not offer any controverting evidence for any of the Cashions' claims.

The Association's Original Answer is a simple general denial with affirmative defenses. (CR 59-61). The Answer does not set fourth any facts with regard to the Cashions' claims. *Id.* The Association's Motion to Dismiss Pursuant to the Texas

25

Citizens Participation Act mentions that the "factual allegations contained in Plaintiff's Original Petition, which were verified and sworn to by Mr. Cashion, are false." (CR 78). Apart from this conclusory statement, the Association does not allege any facts to negate the Cashion's claims for damages or injunctive relief. (CR 74-84). The affidavit of Carol Torgrimson merely a business record affidavit with two paragraphs addressing the Cashions drainage easement:

> "8. The Association has reviewed multiple notices that Plaintiffs removed and disturbed the vegetation in the drainage easement abutting Plaintiffs' backyard. In response to the multiple notices that the Plaintiffs removed and disturbed the vegetation in the drainage easement abutting Plaintiffs' back year, the Association decided judicial intervention might be necessary, but wanted to give Plaintiffs an opportunity to cure any damages.
>
> 9. On December 18, 2014, the Association had its attorney send Plaintiffs a letter to inform Plaintiffs that they were in violation of the deed restrictions, they could cure the violations, and if they chose not to cure the violations, the Association would pursue a lawsuit."

(CR 88).

The statements do not controvert any of the claims made by the Cashions. The Association's counterclaims do not controvert the Cashions' prima facie evidence. (CR 131-139). The Association asserts claims against the Cashions for breach and enforcement of restrictive covenants, but still does not controvert any of the Cashions' claims against the Association. *Id.*

26

The above evidence constitutes a prima facie case for each element of each cause of action asserted by the Plaintiffs in their Original Petition. The Association did not present any evidence in any of their pleadings or affidavits to negate any of the Cashions claims. Viewing the evidence in the light most favorable to the Cashions, they have met their burden under §27.005(c) and the trial court did not err in denying the Association's motion to dismiss.

**4.** *The Association did not present by a preponderance of the evidence the elements of a valid defense.*

The Association has not presented any evidence that would support a valid defense to Cashions' claims. The Association's Answer contains a general denial and affirmative defenses. When the Cashions have, as in this case, presented a prima facie case as to each element of the claims asserted in this case, the Association is required to establish by a preponderance of the evidence, each essential element of a valid defense to the Cashions' claims to have the Motion to Dismiss granted. As noted above, the Association did not present any evidence to a valid defense against the Cashion's claims. As the Association failed to do so, the trial court did not err when denying the Association's motion to dismiss.

27

## **PRAYER**

FOR THE REASONS STATED ABOVE, the Court should AFFIRM the trial court's decision denying the Associations motion to dismiss the Cashions claims for relief under the TCPA.

Respectfully submitted,

CHAMBERLAIN MCHANEY
301 Congress, 18th Floor (78701)
P.O. Box 684158
Austin, Texas 78768-4158
(512) 474-9124
(512) 474-8582 (Facsimile)
bdavidson@chmc-law.com

By: /s/ William C. Davidson
    William C. Davidson
    SBN 05447000

ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document is 5,133 words, as calculated by the word count feature of Microsoft Word 2013 (Professional Edition).

/s/ William C. Davidson
William C. Davidson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been sent facsimile and/or regular mail, to all counsel of record, in accordance with the Texas Rules of Civil Procedure on this the 1st day of December, 2015.

/s/ William C. Davidson
William C. Davidson
