

# NUMBER 13-18-00438-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

KENNETH L. BERRY,                                                                 Appellant,

v.

BAY, LTD.,                                                                              Appellee.

---

### On appeal from the 343rd District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Appellee Bay, Ltd. sued appellant Kenneth L. Berry for defamation.   Berry filed a

motion to dismiss under the Texas Citizens Participation Act (TCPA),[1] which the trial

---

[1] The Texas Citizens Participation Act is commonly referred to as an "anti-SLAPP" law—"SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation."  *Entravision Commc'ns Corp. v. Salinas,* 487 S.W.3d 276, 278 n.2 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied).   We note that the Texas Legislature recently amended the TCPA.  The amendments became effective September 1,

court denied by operation of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. In two issues, Berry argues: (1) the trial court erred in denying his TCPA motion to dismiss; and (2) the trial court abused its discretion in failing to rule on his objections to evidence and motion to strike. We reverse and remand.

## I. BACKGROUND

### A. Pleadings

In its live pleading, Bay alleges the following facts. Bay is a general contractor that owns a barge fleeting service at its Redfish Bay facility in San Patricio, Texas. In 2009, Bay decided to "cut up and sell" a barge located at the facility. In July 2015, the Texas Commission on Environmental Quality (TCEQ) notified Bay that an anonymous source reported that Bay impermissibly buried the barge in question at the location. The TCEQ investigated the allegation in order to determine whether Bay had improperly discharged pollutants. The TCEQ ultimately concluded that the allegation was untrue.

On May 30, 2017, Bay learned through Berry's deposition testimony in an unrelated lawsuit between the parties that Berry made the anonymous report to TCEQ that triggered its investigation. Bay contended that Berry's report was motivated by a personal vendetta against his brothers, who are owners of Bay. Bay maintained that Berry has "a demonstrated history of making continuing false allegations against Bay." Bay alleged that it suffered damages from Berry's defamatory statements because it expended funds to defend itself against the claim that it had improperly buried a barge at

2019. Because this suit was filed before September 1, 2019, it is governed by the statute as it existed before the amendments, and all of our citations and analysis are to that version of the statute. *See* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499, 2499–500 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011).

its facility.   Bay contended that it did not discover the nature of the defamatory comments until Berry's 2017 deposition.   It filed suit on March 5, 2018.

Berry filed an answer[2] asserting the affirmative defenses of limitations, substantial truth, absolute privilege, and qualified privilege.[3]

## B.    TCPA Motion to Dismiss

Berry later filed a motion to dismiss pursuant to the TCPA, which was supported by evidence.   Berry contended that his statements to the TCEQ were based upon his exercise of free speech and his right to petition.   Berry further contended that Bay could not meet its burden to establish by clear and specific evidence a prima facie case for each essential element of its defamation claim.   *See id*. § 27.005(c).   Berry further argued that Bay's claim is barred by the applicable one-year limitations period.   *See id*. § 16.002.

Bay filed a response with supporting evidence. [4]   Bay argued that Berry's statements to the TCEQ were defamatory per se and were verifiably false.   Bay further contended that Berry made the statements with actual malice or, alternatively, that he did so negligently.   Bay also claimed that its evidence established that it suffered general and special damages as a result of Berry's comments.   Finally, Bay maintained that it did not discover that Berry made the defamatory statements at issue until May 30, 2017, and, therefore, its suit was timely filed.

---

[2] Berry's answer was filed subject to his motion to transfer venue, which is not at issue in this appeal.

[3] Berry asserted other affirmative defenses that are not relevant to this appeal.

[4] Bay later filed an amended response supported by additional evidence.

3

In their respective motion and response, both parties rely on Berry's aforementioned deposition testimony in a separate lawsuit filed by Berry and others against Bay, which concerned property rights in certain ranch property. Berry and Bay were represented by the same trial counsel in both proceedings. In Berry's deposition, Bay's counsel asked Berry whether he "ever talk[ed] to anyone at TCEQ with regard to the Redfish Bay Terminal Diamondhead Barge?" Berry acknowledged that he made a report to TCEQ after reviewing satellite images, which he believed indicated that a barge was buried at the location.

## C.    Trial Court's Ruling

Following a hearing, Berry's motion to dismiss was overruled by operation of law. This interlocutory appeal followed. *See id*. § 51.014(a)(12).

## II.    TEXAS CITIZENS PARTICIPATION ACT

The TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding). The legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of [persons] to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. "The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *Lipsky*, 460 S.W.3d at 589 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 27.002). When a plaintiff's claim implicates a defendant's exercise of First

4

Amendment rights, chapter 27 allows the defendant to move for dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); *Andrews County v. Sierra Club*, 463 S.W.3d 867, 867 (Tex. 2015).

Reviewing a TCPA motion to dismiss requires a three-step analysis. *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). As a threshold matter, the moving party must show by a preponderance of the evidence that the TCPA properly applies to the legal action against it. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). If the moving party meets its burden, the nonmoving party must then establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id*. § 27.005(c). If the nonmoving party satisfies that requirement, the burden finally shifts back to the moving party to prove each essential element of any valid defenses by a preponderance of the evidence. *Id*. § 27.005(d).

The clear and specific standard "neither imposes a heightened evidentiary burden or categorically rejects the use of circumstantial evidence when determining the plaintiff's prima-facie-case burden under the Act." *Andrews County*, 463 S.W.3d at 867; *see Lipsky*, 460 S.W.3d at 591 ("In a defamation case that implicates [chapter 27], pleadings and evidence that establish[] the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss."). The phrase "clear and specific evidence" has been defined as more than mere notice pleading, but not more than the burden of proof required for the plaintiff to prove at trial. *See Lipsky*, 460 S.W.3d at 590–91.

We review de novo the trial court's determinations that the parties met or failed to meet their § 27.005 burdens. *Tex. Campaign for the Env't v. Partners Dewatering Int'l, LLC*, 485 S.W.3d 184, 192 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 282 (Tex. App.—Dallas 2015, pet. denied).

### III. LIMITATIONS

In his first issue, Berry argues that the trial court erred in denying its TCPA motion to dismiss. The parties do not dispute, and we agree, that Berry's alleged defamatory remarks were made pursuant to his exercise of First Amendment rights. Given the applicability of the TCPA, Berry argues he is entitled to dismissal on two distinct grounds: (1) Bay failed to establish by clear and specific evidence a prima facie case for each essential element of its defamation claim, and (2) even if Bay met its evidentiary burden, Berry has established the essential elements of its affirmative defenses by a preponderance of the evidence. Because we find it to be dispositive, we first address Berry's contention that he established his limitations defense by a preponderance of the evidence.

### A. Applicable Law

The statute of limitations is an affirmative defense which must be proven by the defendant. *See* TEX. R. CIV. P. 94. As noted above, when the TCPA applies, the trial court must dismiss a plaintiff's suit if the movant establishes by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d). The limitations period for a defamation claim is one year. *Id*. § 16.002. Defamation claims "generally accrue when the allegedly

6

defamatory matter is published or circulated." *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 528 (Tex. 2019). However, the discovery rule applies to an action for defamation if the defamatory statement is inherently undiscoverable or not a matter of public knowledge. *Velocity Databank, Inc. v. Shell Offshore, Inc.*, 456 S.W.3d 605, 609 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). When the discovery rule applies, it tolls accrual of a cause of action until a claimant discovers or in the exercise of reasonable diligence should have discovered the injury and that it was likely caused by the wrongful acts of another. *Glassdoor*, 575 S.W.3d. at 530. The determination of when a cause of action accrues is a question of law subject to de novo review. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 274–75 (Tex. 2004); *Cortina v. P.I. Corp.*, 385 S.W.3d 613, 618 (Tex. App.—Corpus Christi–Edinburg 2012, no pet.).

## B. Analysis

Berry argues that Bay learned in July 2015 that TCEQ received an anonymous report that Bay buried a barge at its facility It cites the affidavit testimony of Bay's general counsel, in which he testified that Bay received a call from TCEQ in July 2015 regarding the disposal of its barge at the Redfish Bay facility. Therefore, Berry contends that Bay's suit, which was filed on March 5, 2018, is barred by limitations. Bay does not dispute the timeline urged by Berry. Nevertheless, Bay maintains that "until May 2017, Bay did not discover the wrongful nature of the claims being made to the TCEQ, only that someone had accused Bay of burying a barge at the Redfish Bay Terminal." As noted above, Berry's deposition disclosure was made in response to Bay's counsel directly asking Berry whether he was the source of the TCEQ report. The deposition testimony

7

pertained to a separate lawsuit entirely unrelated to the burying of a barge but involving the same parties. It is evident from this line of questioning that Bay had reason to believe Berry was the individual who made the TCEQ report at some point prior to the deposition.

We agree with Bay that the discovery rule applies to its defamation claim, insofar as Berry's statements to TCEQ were inherently undiscoverable at the time they were published to the TCEQ. However, we disagree that its claim was tolled until the date it learned that Berry was the source of the allegations. Application of the discovery rule does not turn on whether the injured person knows the exact identity of the tortfeasor or all of the ways in which the tortfeasor was at fault in causing the injury. *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018). Rather, its application concerns whether the injured person is aware that she has an injury and that it was likely caused by the wrongful acts of another. *Id*.

In *Glassdoor*, the Texas Supreme Court reviewed this principle in relation to a defamation cause of action. 575 S.W.3d 523. The plaintiff in that case filed a petition under Texas Rule of Civil Procedure 202 to conduct a pre-suit deposition of a website operator. *Id*. at 525; *see* TEX. R. CIV. P. 202 ("Depositions Before Suit or to Investigate Claims"). The petitioner sought to investigate potential defamation[5] claims against several anonymous individuals who posted negative statements about the petitioner on the site. *Glassdoor*, 573 S.W.3d at 525. The Court concluded that the TCPA applied to a Rule 202 petition and that the proceeding was rendered moot by the fact that the petitioner's potential claims against the anonymous speakers were time-barred. *Id*.

---

[5] The petitioner was also investigating potential business disparagement claims.

8

In its analysis, the Court assumed that the petitioner would have the benefit of the discovery rule for its potential defamation claims, but it noted that the petitioner necessarily learned of the negative posts before filing its Rule 202 petition. *Id*. at 528. With that framework in mind, the Court noted that more than two years had elapsed since the accrual of the potential claims. *Id*. The Court rejected the petitioner's argument that the anonymous nature of the posts presented discovery rule issues. *Id*. at 530. Rather, the Court reemphasized that the limitations period commences when a claimant discovers the injury, even if the claimant does not know the exact identity of the wrongdoer. *Id*. The Court explained that the petitioner could have filed suit against "Doe defendants" and conducted discovery about their identities, but it chose instead to proceed under Rule 202, "thereby risking the timeliness of its potential claims." *Id*. The Court ultimately held that "the statute of limitations barred [the petitioner's] potential claims against each of the ten anonymous reviewers," thereby rendering the Rule 202 petition moot. *Id*.

Here, Bay discovered its injury and that it was caused by the wrongful acts of another when, in July 2015, TCEQ notified Bay of the report made by an anonymous source. It matters not that Bay did not then know the identity of the anonymous source. *See id*. Bay did not file its defamation claim until almost three years later, well outside the applicable one-year limitations period. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002. We conclude that Berry established its limitations defense by a preponderance of the evidence. Therefore, the trial court erred in denying his motion to dismiss under the TCPA. *See Tex. Campaign for the Env't*, 485 S.W.3d at 192; *Sutterfield*, 482 S.W.3d at 282.

9

We sustain Berry's first issue.  Due to our resolution of this issue, we need not address his remaining issue.  *See* TEX. R. APP. P. 47.1 (stating that the appellate court must address every issue raised and necessary to final disposition of the appeal).

## IV.    CONCLUSION

We reverse the trial court's denial of Berry's TCPA motion to dismiss, and we remand the case to the trial court for further proceedings as required by the statute and to order dismissal of the suit.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.009.

LETICIA HINOJOSA
Justice

Delivered and filed the
30th day of January, 2020.