# IN THE SUPREME COURT OF TEXAS

══════════

No. 17-0463

══════════

GLASSDOOR, INC., DOE 1, AND DOE 2, PETITIONERS,

v.

ANDRA GROUP, LP, RESPONDENT

══════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

══════════════════════════════

**Argued September 19, 2018**

JUSTICE LEHRMANN delivered the opinion of the Court.

This case involves a petition under Texas Rule of Civil Procedure 202 to conduct a pre-suit deposition of a website operator. The petitioner seeks to investigate potential defamation and business disparagement claims against several anonymous individuals who posted negative statements about the petitioner on the site. We are asked: (1) whether the Texas Citizen Participation Act's dismissal procedures apply to a Rule 202 proceeding; (2) if so, whether the operator was entitled to dismissal and attorney's fees under the Act; and (3) if not, whether the trial court nevertheless abused its discretion in partially granting the Rule 202 petition. We may not reach these issues, however, because the Rule 202 proceeding has been rendered moot by the fact that the petitioner's potential claims against the anonymous speakers

are now time-barred as a matter of law.  Accordingly, we vacate the judgments of the trial court and the court of appeals, and dismiss the case for lack of jurisdiction.

## I. Background

Glassdoor, Inc., operates a jobs and recruiting website on which users may post, anonymously if they wish, reviews and ratings of their current and former employers.  The reviews are available to site users free of charge, but users must agree to the site's terms and conditions to obtain full access to the site.  Glassdoor has no involvement in drafting or editing the reviews its users post.

Between July 2014 and June 2015, ten negative reviews of Andra Group, L.P.—an online clothing retailer based in Dallas—were posted on Glassdoor's site by anonymous individuals identifying themselves as current or former Andra employees.  In August 2015, Andra filed a Verified Petition Requesting Deposition Before Suit, seeking to depose Glassdoor under Texas Rule of Civil Procedure 202 in order to obtain the reviewers' identities and account information.  Andra averred that it did "not anticipate any claims against Glassdoor" but sought to "investigate potential claims for defamation or business disparagement" against the "anonymous persons or entities who posted false and defamatory statements against Andra on Glassdoor's website."  Andra further alleged that the likely benefit of allowing Andra to take the requested deposition outweighed the burden or expense.  *See* TEX. R. CIV. P. 202.4(a)(2) (requiring the trial court to order a properly requested pre-suit deposition if it finds that "the likely benefit of allowing" the deposition "outweighs the burden or expense of the procedure").

Glassdoor filed an answer opposing the requested relief and asserting that disclosure of the reviewers' identities would violate the First Amendment.  Glassdoor also filed a motion to

2

dismiss Andra's petition under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE § 27.003(a) ("If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action."). Two of the anonymous reviewers, designated Doe 1 and Doe 2, joined the motion. Glassdoor argued therein that Andra's Rule 202 petition is a "legal action" relating to the reviewers' exercise of the rights of free speech and association and that, in order to avoid dismissal, Andra must (and cannot) establish a prima facie case for its potential defamation claims. *See id.* § 27.005(c) ("The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question."). Among other things, Glassdoor contended that the statements about which Andra complains are expressions of opinion rather than actionable statements of verifiable fact and that the libel claims were time-barred as to several of the posts. Andra responded that the TCPA does not apply to a Rule 202 proceeding and that, even if it does apply, Andra "has established the elements of its claims with sufficient factual detail" to avoid dismissal.

On February 18, 2016, the trial court issued an order denying the motion to dismiss and granting Andra's request to depose Glassdoor under Rule 202. The court expressly found that the "benefit of allowing Andra . . . to investigate statements [it] believes to be defamatory outweighs any burden on Glassdoor." However, the trial court limited the deposition's scope to two posts dated July 8, 2014, and October 22, 2014, respectively, neither of which was authored by Doe 1 or Doe 2. The court further limited the deposition to the following statements in those posts:

1       Andra's hiring practices are illegal.

2       Andra is violating labor laws.

3       Andra is engaged in harassment based upon race and sexual orientation.

4       [I]llegal immigrants are working at Andra.

5       Andra's supervisor Jorge is racist and sexist[].

Glassdoor and Does 1 and 2 appealed the order.[1] *See In re Jorden*, 249 S.W.3d 416, 419 & n.7 (Tex. 2008) (explaining that when suit is not contemplated against the target of the Rule 202 petition, the pre-suit discovery order is final and appealable). Although the order effectively denied Andra's petition to depose Glassdoor as to eight of the ten posts at issue, Andra did not cross-appeal.

The court of appeals affirmed. ___ S.W.3d ___, 2017 WL 1149668 (Tex. App.—Dallas March 24, 2017). The court first held that Andra was not required to give the anonymous reviewers notice of the petition, concluding that such notice is not required when the petition seeks to investigate a potential claim rather than to perpetuate or obtain testimony for use in an anticipated suit. *Id.* at *4. On the merits of the Rule 202 petition, the court of appeals held that the trial court did not abuse its discretion in finding that the likely benefit of allowing discovery as to two of the reviewers outweighed the burden or expense of the procedure. *Id.* at *5. In so holding, the court determined that Andra "gave the trial court a reasonable basis to conclude that Andra may be able to develop a viable business disparagement claim," which, unlike libel, has a two-year statute of limitations. *Id.* at *6–7. The court also rejected Glassdoor's argument that the two reviews on which discovery was granted contain only nonactionable expressions of

---

[1] All three appealed the denial of the TCPA motion, while Glassdoor also appealed the partial grant of the Rule 202 petition.

4

opinion and hyperbole, concluding that the reviews include factual assertions such as that Andra engaged in illegal conduct and employed illegal immigrants. *Id.* at \*8.

As to the TCPA motion, the court of appeals assumed without deciding that the TCPA can apply to Rule 202 proceedings and held that the trial court did not err in denying the motion because Andra met its evidentiary burden to avoid dismissal under the Act. *Id.* at \*10–11. The court held that Andra produced clear and specific evidence making out a prima facie case on each element of its claim, explaining that the pertinent "claim" at issue is the Rule 202 request for pre-suit discovery, not the potential claims being investigated (defamation and business disparagement). *Id.* at \*10. In turn, the court held, the only "element" that must be proved under Rule 202 is that the likely benefit of allowing discovery outweighs the burden or expense. *Id.*

## II. Mootness

The overarching issues presented are whether the trial court (1) erred in denying the TCPA motion and (2) abused its discretion in ordering pre-suit discovery under Rule 202. Before we may reach either of these issues, however, we must determine whether the proceedings are moot. As we have explained, a case becomes moot during the pendency of the litigation "if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). If a case becomes moot, the court must vacate all previously issued orders and judgments and dismiss the case for want of jurisdiction. *Id.*

5

## A. Rule 202 Petition

Glassdoor argues in part that Andra's request for relief under Rule 202 is moot because, even assuming Andra's potential claims are governed by a two-year limitations period, that period has now expired.[2] We agree that, if the statute of limitations now conclusively bars Andra's as-yet unfiled claims, then a court order allowing Andra to investigate those claims serves no legal purpose. *See id.* ("Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests."). Accordingly, we address the limitations issue first.[3]

The statute of limitations on a libel claim is one year from the date the cause of action accrues, TEX. CIV. PRAC. & REM. CODE § 16.002(a), while a business disparagement claim has a two-year limitations period, *id.* § 16.003(a); *see also Newsom v. Brod*, 89 S.W.3d 732, 734 (Tex. App.—Houston [1st Dist.] 2002, no pet.). The claims are similar in that both involve a defendant's publication of false and defamatory information about the plaintiff. *See In re Lipsky*, 460 S.W.3d 579, 592–93 (Tex. 2015); *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 155 (Tex. 2014). However, while a defamation claim "seeks to protect reputation interests," a business disparagement claim "seeks to protect economic interests against pecuniary loss" and thus requires proof of special damages resulting from the harm. *Waste*

---

[2] The court of appeals addressed the statute of limitations only by holding that the trial court reasonably could have concluded that Andra would be able to develop a viable business disparagement claim with a two-year limitations period. ___ S.W.3d at ___, 2017 WL 1149668, at *6. The court of appeals did not discuss the effect, if any, of the fact that by the time its opinion issued in March 2017, over two years had elapsed since most of the reviews referenced in Andra's petition were posted, including the two on which the trial court granted pre-suit discovery. *See id.*

[3] We recognize that the statute of limitations is an affirmative defense, and we do not hold that a claim is moot when barred by limitations. Rather, we hold that where the statute of limitations runs on a claim as a matter of law while a Rule 202 petition seeking to investigate that claim is being litigated, the Rule 202 proceeding is rendered moot.

*Mgmt. of Tex.*, 434 S.W.3d at 155. In light of this special-damages requirement, the parties dispute whether Andra's potential claims properly include business disparagement and its corresponding two-year limitations period. For purposes of our mootness analysis, we will assume, without deciding, that they do.

In turn, claims for defamation and business disparagement generally accrue when the allegedly defamatory matter is published or circulated. *See Childs v. Haussecker*, 974 S.W.2d 31, 36–37 (Tex. 1998) (holding that a cause of action generally accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of the injury or if all the resulting damages have yet to occur). However, we will assume that Andra would have the benefit of the discovery rule, meaning its causes of action did not accrue until it learned of, or in the exercise of reasonable diligence should have learned of, the existence of the negative reviews. *See Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976) (holding that the discovery rule applies in a defamation action based on a false credit report). The reviews about which Andra complains in its Rule 202 petition were posted between July 2014 and June 2015, and Andra necessarily learned of their existence before filing that petition in August 2015. Thus, giving Andra the benefit of the discovery rule, more than two years have elapsed since the accrual of Andra's causes of action for defamation and business disparagement against all ten of the anonymous reviewers whose identity Andra seeks.

Nevertheless, Andra argues that its potential claims against the reviewers are not time-barred for two reasons. First, Andra contends that posts on Glassdoor's website are "restricted-access publications" that Glassdoor "republishes" each time it grants access to a site user. Therefore, a new cause of action arises each time a user accesses a review. Second, Andra

7

argues that the reviewers' anonymity defers accrual of Andra's causes of action against them. We disagree on both counts.

As Andra recognizes, Texas courts apply the "single publication rule" in cases of alleged libel in mass print media. *See, e.g.*, *Stephan v. Baylor Med. Ctr. at Garland*, 20 S.W.3d 880, 889 (Tex. App.—Dallas 2000, no pet.) (citing cases). Under that rule, a cause of action accrues "on the last day of the mass distribution of the printed matter containing the defamatory statement," which is when "the publisher of the statement has made the libelous matter available to his intended audience." *Id.*; *see also Holloway v. Butler*, 662 S.W.2d 688, 692 (Tex. App.— Houston [14th Dist.] 1983, writ ref'd n.r.e.) (explaining that the single publication rule "applies strictly to multiple copies of a libelous article published as part of a single printing"); *cf. Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 173 (Tex. 2003) (noting that the single publication rule "is clearly designed to protect publishers from repeated liability based on old publications").

Applying Texas law and noting the consensus among courts that have addressed the issue, the United States Court of Appeals for the Fifth Circuit has held that this rule applies to publicly available information on the internet. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 144–46 (5th Cir. 2007). Texas courts of appeals agree, emphasizing that the policies supporting application of the rule apply equally in the internet context. *See Mayfield v. Fullhart*, 444 S.W.3d 222, 229–30 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *see also Cruz v. Van Sickle*, 452 S.W.3d 503, 518 n.20 (Tex. App.—Dallas 2014, pet. denied) (finding the reasoning in *Belo* persuasive). These policies include preventing stale claims and avoiding the "'potential for endless retriggering of the statute of limitations, multiplicity of suits and

harassment of defendants,'" along with the "corresponding chilling effect on internet communication." *Mayfield*, 444 S.W.3d at 229 (quoting *Belo*, 512 F.3d at 145). We see no reason to depart from this well-reasoned consensus and hold, in accordance with the Fifth Circuit's prediction, that the single publication rule applies to information made publicly available on the internet.[4]

Andra protests application of the single publication rule to posts on Glassdoor's site because "Glassdoor has absolute and complete ability to control and has undisputed title and interest in the posts." This argument echoes previously rejected attempts to distinguish internet publications from print media based on the ease with which editors may alter or remove content. *Belo*, 512 F.3d at 144. Courts routinely find this distinction insufficient to "corrupt the analogy between internet and print publication," explaining that, just as continuing to make a defamatory book available from a print publisher's stock is not republication, neither is continuing to make a defamatory article available on a website. *Id.* at 145 (quoting *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1133 (9th Cir. 2006)).

Andra further argues that the single publication rule does not apply to a "restricted access site" like Glassdoor's. Andra contends that the method by which Glassdoor allows users to access the reviews is akin to the "confidential and restricted dissemination" of credit reports, which some courts have held are published anew each time they are transmitted. *E.g.*, *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 450 (5th Cir. 1988). In *Stephan v. Baylor Medical Center*,

---

[4] Some commentators have expressed concern about whether a libelous work should be considered "available to the public" for publication purposes when it technically exists on the internet but cannot be viewed by the general public or is placed "in an obscure location" that is not easily accessible (such as through a search engine). *See* Sapna Kumar, *Website Libel and the Single Publication Rule*, 70 U. CHI. L. REV. 639, 651–52 (2003). We need not address this concern here, as Andra highlights Glassdoor's "high number of visitors and visibility to the general public."

9

the Dallas Court of Appeals relied on *Hyde* in holding that each release of a federally mandated hospital report about adverse actions taken against a doctor, which report is confidential and disclosed only to limited persons upon request, "is a new publication and possibly a separate tort." 20 S.W.3d 880, 889 (Tex. App.—Dallas 2000, no pet.); *see also Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 640 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (same). The court concluded that, under the circumstances, each transmission encompassed an intent by the publisher to reach a new and different audience, justifying a new cause of action. *Stephan*, 20 S.W.3d at 889.[5]

Assuming these cases were correctly decided, they simply do not apply here. The record demonstrates that posts to Glassdoor's website are not confidential and that Glassdoor does not charge users for access. Once posted, the reviews are equally accessible to all users. Andra notes that users must agree to the site's terms and conditions but fails to point out any such terms that limit a user's ability to access reviews on the site. Nor does Andra contend that any of the complained-of reviews were posted multiple times or altered in any way. Nothing about the posted reviews resembles the kind of confidential material at issue in *Stephan* and *Hyde*, and nothing about the manner in which Glassdoor's site is accessed resembles the "restricted dissemination" that resulted in republication in those cases.

---

[5] We note that Andra is essentially arguing that a cause of action against *the reviewer* accrues for limitations purposes each time *Glassdoor* purportedly republishes the review by granting user access. Similarly, in *Wheeler*, the hospital submitted an allegedly libelous adverse action report about a physician to a central practitioner data bank, and the court of appeals concluded that the data bank's republications of that report constituted "discrete, actionable events for limitations purposes" with respect to the physician's defamation claims against the hospital. 95 S.W.3d at 633, 639–40 (recognizing that "a party is generally not liable for republication of a defamatory statement by another," but holding that if "a reasonable person would recognize that an act creates an unreasonable risk that the defamatory matter will be communicated to a third party, the conduct becomes a negligent communication, which amounts to a publication just as effectively as an intentional communication" (citation omitted)). We will assume without deciding that, to the extent Glassdoor republishes employer reviews by granting access to site users, such publication may be attributed to the reviewers.

Of course, the one piece of information that Glassdoor does withhold from the public is the identity of the reviewer (if the reviewer chooses to post anonymously), and Andra contends that this presents "discovery rule issues." We disagree. When the discovery rule applies—and we have already assumed without deciding that it applies to Andra's potential claims—it tolls accrual of a cause of action "until a claimant discovers or in the exercise of reasonable diligence should have discovered the injury and that it was likely caused by the wrongful acts of another." *Childs*, 974 S.W.2d at 40. At that point, "limitations commences, *even if the plaintiff does not know the exact identity of the wrongdoer*." *Id.* (emphasis added). Andra necessarily discovered the reviews before filing its Rule 202 petition, at which time its causes of action commenced even though it did not know the authors' identities. Andra could have filed suit and conducted discovery about those identities, but chose instead to proceed under Rule 202, thereby risking the timeliness of its potential claims. *See In re Does 1–10*, 242 S.W.3d 805, 814 (Tex. App.—Texarkana 2007, orig. proceeding) (noting that "in most cases involving Internet lawsuits based on libel or breach of contract, the scenario is that suit is brought against a Doe defendant, and the plaintiff at some point early in the proceeding seeks to discover his or her identity . . . through the discovery tools of that forum").

Accordingly, we hold that the statute of limitations barred Andra's potential claims against each of the ten anonymous reviewers no later than two years after it discovered their respective reviews. Andra necessarily discovered the reviews before filing its Rule 202 petition in August 2015, meaning the statute of limitations has now run on the claims it seeks to investigate. Accordingly, Andra's Rule 202 petition is moot.

11

## B. TCPA Motion

Although Glassdoor urges that the Rule 202 petition is moot, it argues that its TCPA motion to dismiss the action is not because the motion includes a request for attorney's fees. We disagree.

We have recognized that a case may become moot as to some claims or issues, but remain "live" as to others. *State v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). In *Harper*, we explained the circumstances under which "a claim for attorney's fees 'breathes life' into a suit that has become moot in all other respects." *Id.* at 7 (quoting *Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988)). We held that when a party seeks attorney's fees under a prevailing-party statute like the TCPA, the claim for fees remains a live controversy if the party prevailed before the underlying claim became moot. *Id.* at 7–8. We addressed the merits of the TCPA motion in *Harper* because, although the trial court had denied the motion, the court of appeals reversed, and the underlying claims became moot while the motion for rehearing was pending in that court. *Id.* at 8. By contrast, in this case, the trial court denied Glassdoor and Does 1 and 2's TCPA motion to dismiss, and the court of appeals affirmed that order. Thus, regardless of how we would decide the issue, the TCPA movants were not prevailing parties before the underlying Rule 202 petition became moot. We therefore have no choice but to dismiss the case in its entirety.

## III. Conclusion

Because the statute of limitations has conclusively run on the potential claims Andra seeks to investigate under Rule 202, Andra's petition for pre-suit discovery is moot. Further, because Glassdoor and Does 1 and 2 did not prevail on their TCPA motion to dismiss before the

12

petition was rendered moot, that motion is moot as well. Accordingly, we vacate the judgments of the trial court and court of appeals, and we dismiss the case for want of jurisdiction.

_____

Debra H. Lehrmann
Justice

**OPINION DELIVERED:** January 25, 2019