

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-18-00899-CV

Jennifer L. **ZUNIGA**, Individually and as Judgment Creditor and on Behalf of Christopher J. Medina,
Appellant

v.

**FARMERS TEXAS COUNTY MUTUAL INSURANCE CO.**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2014CI11445
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice
Dissenting Opinion by: Luz Elena D. Chapa, Justice

Sitting:      Rebeca C. Martinez, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed: September 25, 2019

I respectfully dissent. The parties do not agree the entire case is moot. Because the motions and record before us do not affirmatively establish what aspects of this case are moot, I would deny the parties' motions.

### MOOTNESS OF "THE CASE" IS CONTESTED

The basis for the majority's holding is that "it appears uncontested that *the case* is moot" (emphasis added). Farmers seeks a dismissal of this appeal only, arguing this appeal is moot because "the sole *issue* on appeal . . . is now moot" (emphasis added). In her motion and response,

Zuniga argues "this *cause* is moot," and seeks a dismissal of this appeal, vacatur of the appealed summary judgment, and other relief. In its reply, Farmers argues, "The[r]e were [other] justiciable issues in the trial court. These issues are not moot," and the trial court made other "declarations in the judgment [that] were not appealed, nor were they made moot."

"A case is not rendered moot simply because some of the issues become moot during the appellate process." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). When *an issue* becomes moot on appeal, the court lacks jurisdiction to address the merits of the issue because doing so would be advisory. *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016); *see, e.g.*, *Gamboa v. Gamboa*, 383 S.W.3d 263, 273 (Tex. App.—San Antonio 2012, no pet.). When *an entire case* becomes moot on appeal, "the court must vacate all previously issued orders and judgments and dismiss the case for want of jurisdiction." *See Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019).

The majority reasons that because Farmers has argued "the sole issue" is moot, and Zuniga responds that "the cause" is moot, then both parties have agreed the entire case is moot. Because "[a] case is not rendered moot simply because some of the issues become moot during the appellate process," I respectfully disagree. *See Kellogg Brown & Root*, 166 S.W.3d at 737. Furthermore, the majority's reasoning is also inconsistent with a prior decision by this court's analyzing mootness on an issue-by-issue basis. *See Medrano v. Hinojosa*, No. 04-14-00913-CV, 2016 WL 3085935, at *3 (Tex. App.—San Antonio June 1, 2016, no pet.) (mem. op.) (holding some issues became moot, but proceeding to other issues that were not moot).

### NEITHER PARTY HAS ESTABLISHED WHAT ASPECTS OF THIS CASE ARE MOOT

This appeal involves a declaratory judgment action in which an insurance company and an insured dispute the scope of an insurance policy. A declaratory judgment action involving a dispute about the scope of an insurance policy does not automatically become moot when a judgment is

rendered in favor of the insured in the underlying litigation, if the declaratory judgment action is related to any other ongoing dispute between the parties. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642–43 (Tex. 2005). In *Allstate*, the insured was sued by her neighbors for causing property damage. *Id.* at 641. The insured requested defense and indemnity from Allstate. *Id.* Both Allstate and the insured sought a declaratory judgment resolving their dispute about the scope of the policy for the purpose of determining coverage. *Id.* However, while the declaratory judgment action was on appeal, the jury in the suit filed by the insured's neighbors found in the insured's favor. *Id.* at 642. The supreme court noted the insured "was not found liable at trial" and thus there was "nothing for Allstate to indemnify," but ultimately held the appeal was not moot because there was a related claim between the parties for attorney's fees. *Id.* at 642–43.

The outcome might be different if there were no ongoing dispute between the parties. *See Tesco Corp. (US) v. Steadfast Ins. Co.*, No. 01-13-00091-CV, 2015 WL 456466 (Tex. App.—Houston [1st Dist.] Feb. 3, 2015, pet. denied) (mem. op.). In *Tesco*, the court of appeals held the entire case between the parties was moot when they disputed whether an insurance policy covered punitive damages after the punitive damages award was reversed. *Id.* at *3. The *Tesco* court distinguished *Allstate* on the ground that there was no ongoing dispute between the parties, such as a dispute over attorney's fees. *Id.*

In this appeal, the declaratory judgment pleadings have not been made part of the clerk's record. This court therefore cannot determine whether there are any related claims for attorney's fees that would place this case squarely within *Allstate*. I therefore disagree with the majority that this court can definitively decide, as a matter of the constitutional authority of this court and the trial court, that neither court has any jurisdiction over any part of this case.

Second, the clerk's record in this appeal affirmatively shows there is an ongoing dispute between the parties involving claims that have been severed and abated. The parties argued in the

trial court that the declaratory judgment action in this appeal is "inherently intertwined" with and "involve[s] common questions of law and fact" in the parties' ongoing dispute as to those other claims. However, neither party has explained to this court how either (1) their dispute as to the scope of the insurance policy is actually irrelevant to the ongoing dispute between the parties; or (2) the reversal of the punitive damages award necessarily moots all other claims to which the declaratory judgment action is "inherently intertwined."

## CONCLUSION

Although I cannot say with certainty this appeal or case is not moot, I disagree that this court can conclusively decide—on this record and these motions—that both this court and the trial court have absolutely no jurisdiction over any part of the case. The parties certainly have not agreed on this point. I would therefore deny both parties' motions.

Luz Elena D. Chapa, Justice