

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00226-CV

———————————————

BETTY C. BRITTON, Appellant

V.

KENNETH K. LAUGHLIN, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. C2020069

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

### I.  Introduction

In October 2014, Appellant Betty C. Britton agreed to sell some land to Appellee Kenneth K. Laughlin in a contract for deed.  Four years later, she sued Laughlin on the contract, and the trial court entered a take-nothing judgment against her and awarded damages and attorney's fees to Laughlin.  Britton's appeal in that case is pending before the Fourteenth Court of Appeals in Houston (No. 14-20-00299-CV).[1]

In April 2020, relying on the same contract, Britton again sued Laughlin, who raised res judicata as an affirmative defense.  In a single issue, Britton argues that the trial court erred by granting summary judgment on the affirmative defense.  We affirm in part and vacate in part.

### II.  Discussion

We review a summary judgment de novo.  *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  A defendant is entitled to summary judgment on the affirmative defense of res judicata if he conclusively proves all elements of that defense:  (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.  *Eagle Oil & Gas Co. v.*

---

[1]*See* Supreme Court of Tex., *Transfer of Cases from Courts of Appeals*, Misc. Docket No. 20-9048 (Mar. 31, 2020).

*TRO-X, L.P.*, 619 S.W.3d 699, 705–06 (Tex. 2021); *see* Tex. R. Civ. P. 166a(b), (c); *Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008) (op. on reh'g).

## A. The parties' contract for deed

The parties' contract for deed set out payment terms as follows:

(1) Pay monthly payments on Seller's Bank of America note . . . with the approximate balance of $115,000 for the real property that is a part of this Contract for Deed ("Contract"). This loan payment is subject to annual review, and the payment may increase according to the terms of original note.

(2) Pay any accrued interest monthly at the rate of (10%) ten per cent ($500.00—interest on $60,000.00) shall be paid at the place as Seller may direct, beginning on November 1, 2014 and continuing on the same day of each following month until the $60,000 principal has been paid in full. Purchaser may pay amounts toward the reduction of principal in addition to interest payments. Interest for each month shall be calculated on the principal balance owed.

(3) Purchaser agrees to pay all amounts listed above in full on or before the maturity date, unless otherwise extended by written agreement of the Seller.

## B. Britton's first lawsuit

In her November 2018 lawsuit, Britton complained of Laughlin's having "defaulted under the contract, failing to make the payments to [her]" as required by the contract's second payment term, referenced as "the balloon payment." In February 2020, after a bench trial, the trial court entered a take-nothing judgment as to Britton and awarded damages to Laughlin on his counterclaim against her.

## C. Britton's second lawsuit

In her April 2020 lawsuit, Britton alleged that Laughlin had defaulted under the contract by "failing to make the payments to [her] and to the lender" as required by both the contract's first and second payment terms.

Laughlin answered with a general denial and the affirmative defense of res judicata based on the February 2020 judgment, and he moved for summary judgment on the affirmative defense. To his motion, he attached the parties' contract, Britton's petitions in both cases, and the February 2020 judgment. Britton responded with argument but no summary judgment evidence, and the trial court granted the motion after a hearing.

## D. Laughlin's motion to dismiss

During this appeal's pendency, Laughlin's counsel filed a motion to dismiss, arguing that the appeal had become moot after Laughlin paid the Bank of America debt in full. He attached an affidavit and evidence showing the Bank of America debt's payment in full and his correspondence with Britton's counsel. *See* Tex. R. App. P. 10.2. Laughlin's counsel stated, "Having satisfied Payment Term 1, there is nothing left for Britton to gain from this case or appeal. Laughlin's payment gave her all the relief she requested. The Bank of America note has been discharged, and she is no longer the debtor." We denied the dismissal motion.

4

**E. Analysis**

In her single issue, Britton argues that the trial court erred by entering summary judgment for Laughlin based on res judicata of the $60,000 balloon payment when her second petition alleged a failure to pay the Bank of America note.

There is no dispute that the parties are the same in both lawsuits.[2] *See Eagle Oil & Gas Co.*, 619 S.W.3d at 705–06. In the first lawsuit, Britton sued Laughlin after he failed to pay the $60,000 balloon payment. A valid judgment that was final for res judicata purposes[3] resolved that claim. Thus, the trial court did not err when it granted Laughlin's summary judgment motion on that claim, which Britton raised in both lawsuits. To the extent Britton raised this in her sole issue, we overrule it.

In the second lawsuit, Britton also complained that Laughlin had failed to make the Bank of America payments. Regardless of this claim's res judicata status, during the pendency of this appeal, it became moot upon Laughlin's payment of that debt.

---

[2]In her motion to consolidate this appeal with the one in our sister court, Britton acknowledged that both cases involved the same parties and contract. We denied the motion to consolidate.

[3]"[A] trial court's judgment is final for purposes of res judicata or collateral estoppel even while the case is on appeal." *Gonzalez v. Guilbot*, 315 S.W.3d 533, 536 n.3 (Tex. 2010); *see Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (op. on reh'g) (adopting general rule that judgment is final for res judicata purposes despite appeal); *see also Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996) (op. on reh'g) (explaining reason for *Scurlock* rule's adoption "was the nonsensical alternative of retrying *the same issues between the same parties* in subsequent proceedings with the possibility of inconsistent results"). In *Texas Beef Cattle Co.*, the court explained that the *Scurlock* rule "merely binds the parties . . . to the original judgment and promotes judicial economy by forcing a losing party to follow the ordinary appeals process[] rather than relitigating the adverse fact findings in a new lawsuit." 921 S.W.2d at 208.

Accordingly, a justiciable controversy no longer exists between the parties on this claim. *See Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019). We overrule the remainder of Britton's sole issue as moot.

### III. Conclusion

We vacate the portion of the trial court's judgment that applies to Britton's now-moot Bank of America claim, *see id.*, and affirm the remainder of the judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: September 2, 2021