

# NUMBER 13-22-00101-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JESUS S. PUENTE,**                                                              **Appellant,**

**v.**

**SECRETARY OF THE US DEPARTMENT
OF VETERANS AFFAIRS, AN OFFICER
OF THE UNITED STATES BY AND
THROUGH VRM (VENDOR RESOURCE
MANAGEMENT), DULY AUTHORIZED
AGENT FOR THE SECRETARY OF
VETERANS AFFAIRS,**                                                            **Appellee.**

---

**On appeal from the County Court at Law No. 5
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Jesus S. Puente perfected an appeal of the trial court's March 11, 2022

summary judgment in a forcible detainer suit awarding possession of certain real property

to appellee, the Secretary of the US Department of Veterans Affairs, an Officer of the United States by and through VRM (Vendor Resource Management), Duly Authorized Agent for the Secretary of Veterans Affairs. Appellee has filed a motion to dismiss the appeal as moot because: (1) appellant failed to supersede the trial court's judgment; (2) a writ of possession was executed, and appellant is no longer in possession of the subject property; and (3) appellant has no potentially meritorious claim of right to actual, current possession of the property.

Texas appellate courts lack jurisdiction to decide moot controversies and render advisory opinions. *See* TEX. CONST. art. II, § 1; *In re J.J.R.S.*, 627 S.W.3d 211 (Tex. 2021). A case becomes moot if at any stage there ceases to be an actual controversy between the parties. *Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). The only issue in an action for forcible detainer is the right to actual possession of the premises. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see Abraham v. Victory Apartments*, 578 S.W.3d 659, 662 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also Anthony v. Seaside Rentals*, No. 13-17-00178-CV, 2019 WL 303037, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 24, 2019, no pet.) (mem. op.) ("[A] judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather it is a determination of the right to immediate possession."). Where a defendant is no longer in possession of the subject property, an appeal from the judgment in a forcible detainer case is moot unless the defendant asserts a "potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787; *see also Quezada v. KGMH Prop. Invs., LLC*, No. 13-19-00478-CV, 2020 WL 3396601, at *1 (Tex. App.—Corpus Christi–Edinburg June 18, 2020, no pet.) (mem.

2

op.) (dismissing an appeal for want of jurisdiction after appellant failed to assert a potentially meritorious claim of right to current, actual possession following the execution of a writ of possession).

Appellee's motion to dismiss argued in part that appellant has no potentially meritorious claim of right to current possession. We requested that appellant file a response to the motion on or before June 24, 2022. This Court has not received a response from appellant.

Having considered the foregoing, we conclude that the issue of current, actual possession is moot. *See Marshall*, 198 S.W.3d at 787; *see also Bolinger v. Contreras*, No. 13-21-00151-CV, 2021 WL 3411867, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 5, 2021, no pet.) (mem. op.) (dismissing an appeal for want of jurisdiction after appellant failed to respond to the Court's inquiry as to its jurisdiction and failed to assert a potentially meritorious claim of right to current, actual possession). Accordingly, we must vacate the trial court's judgment and dismiss the case for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e); *Glassdoor*, 575 S.W.3d at 527 ("If a case becomes moot, the court must vacate all previously issued orders and judgments and dismiss the case for want of jurisdiction."); *Marshall*, 198 S.W.3d at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded.").

Appellee's motion to dismiss is granted. We vacate the trial court's judgment and dismiss the case for want of jurisdiction.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
28th day of July, 2022.

3