**AFFIRMED and Opinion Filed July 17, 2024**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-22-01286-CV

**JAYSON HOWARD MOORE, Appellant**
**V.**
**DALLAS MORNING NEWS, INC. AND KEVIN R. KRAUSE, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-06923**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Opinion by Justice Pedersen, III

Jayson Howard Moore sued appellees Dallas Morning News, Inc. (DMN) and Kevin R. Krause alleging that they defamed him in an online article in 2018. Moore appeals the trial court's three dispositive rulings below: (1) the September 10, 2021 order granting Defendant Dallas Morning News, Inc.'s Motion to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice & Remedies Code; (2) the July 21, 2022 order granting Defendant Kevin R. Krause's Rule 91a Motion to Dismiss; and (3) the September 28, 2022 Order Granting Defendant's Attorney's Fees, Costs and Expenses, which is the trial court's final judgment in this case, into which the earlier

rulings are merged.[1] In this Court, Moore challenges the trial court's granting of both motions to dismiss his claims. He includes subsidiary issues concerning application of the discovery rule, application of Texas's Covid-19 emergency orders, application of the Texas Citizen Participation Act (the TCPA), and satisfaction of his burden under the TCPA.

We conclude appellees established as a matter of law that Moore's claims were barred by the applicable statute of limitations. Accordingly, we affirm the trial court's judgment.

## BACKGROUND

Because the dispositive issue in this appeal is whether Moore's claims were time-barred, we limit our recitation of facts to the undisputed events on which the parties' limitations arguments turn.

In February 2018, Moore was incarcerated in the Seagoville Federal Detention Center. Unbeknownst to Moore, on February 23, 2018, DMN published online an article written by Krause with the headline: "Music videos lead to arrest of Dallas rapper on federal firearms charges" (the Article). The Article reported on the police investigation and claims pending against Moore in a federal criminal case.

---

[1] *See Bonsmara Nat'l Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment.").

Five days later, on February 28, 2018, Moore learned that "there were online articles circulating the internet accusing him of heinous crimes," when he was "approached by violent inmates" in the prison accusing him of one of those crimes. Moore contends that he had no access to the internet and therefore was unable to identify the source of the allegations.

On July 29, 2019, Moore was released from federal custody. He acknowledges that as of that date he "would no longer be restricted from having internet access and would be free to connect to the world wide web and discover which news organization or individual had published statements about him online." However, Moore did not attempt to identify the source of the allegedly defamatory Article. Not until October 14, 2019, at a family barbecue, did a relative "Google" the story, find the Article, and show it to Moore.

In March 2020, Texas experienced the outbreak of the Covid-19 pandemic, and the governor of Texas declared a state of emergency. In response, on March 13, 2020, the Texas Supreme Court, issued its First Emergency Order Regarding the Covid-19 State of Disaster, Misc. Docket No. 20-9042, which provided in part:

> All courts in Texas may extend the statute of limitations in any civil case for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted.

Multiple similar emergency orders followed through 2020 and 2021.

On June 2, 2021, Moore filed this lawsuit, alleging that DMN and Krause had libeled him in the February 23, 2018 Article. DMN was served, it answered, and it

timely filed its motion to dismiss Moore's claim pursuant to the TCPA. DMN's motion alleged multiple grounds for dismissal, including the affirmative defenses of limitations, the truth of the challenged statements, and the fair report and fair comment privileges. DMN's motion was heard on September 10, 2021, and the trial court granted it that same day without specifying a particular ground. Pursuant to that order, DMN submitted evidence of its attorney's fees and costs as permitted under the TCPA.

In the meantime, Krause was not served with the lawsuit until June 2, 2022. He answered and filed a motion to dismiss pursuant to Rule 91a, arguing that—because Moore's claims were barred by limitations—the suit had no basis in law. The motion included a request for Krause's attorney's fees and costs as permitted by Rule 91a.

Krause's motion to dismiss and DMN's request for attorney's fees and costs were heard together in the trial court. On July 21, 2022, the trial court granted Krause's motion and awarded him approximately $5,300 in attorney's fees and costs. And on September 28, 2022, the trial court signed its order—its final judgment in the case—awarding DMN $25,000 in attorney's fees and costs.[2]

This appeal followed.

---

[2] Both appellees were awarded conditional attorney's fees in the event of appeal.

## DISCUSSION

Moore identifies five issues for our review. His fifth issue asks whether the trial court erred in granting appellees' motions to dismiss under the TCPA and Rule 91a of the Texas Rules of Civil Procedure. This question frames our discussion; within that framework we address Moore's subsidiary issues as each becomes relevant to the analysis.

We address the two motions to dismiss in turn.

### Dismissal of Moore's Claims under the TCPA

DMN moved to dismiss Moore's claims pursuant to the TCPA. TEX. CIV. PRAC. & REM. CODE ANN., ch. 27. That statute was intended to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused. *Id.* § 27.002. A legal action to which the TCPA applies can be dismissed—and we evaluate such a dismissal—by following the statute's three-step process:

(1) the defendant must demonstrate that the legal action is based on or is in response to one of rights or acts protected by the statute, *id.* § 27.005(b);

(2) if the defendant meets that burden, the claimant may avoid dismissal by establishing by clear and specific evidence a prima facie case for each essential element of his claim, *id.* § 27.005(c); and

(3) "notwithstanding" that second-step burden, the court still must dismiss the action if the defendant establishes an affirmative defense or other ground on which

it is entitled to judgment as a matter of law, *id.* § 27.005(d). We review the trial court's application of the TCPA de novo. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). In conducting that review, we consider, in the light most favorable to the nonmovant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based. *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied).

(1)     Does the TCPA apply to the DMN article?

In his fourth issue, Moore challenges the first step of the statutory analysis, arguing that the TCPA does not apply to protect DMN from liability in this case. To prevail on its motion to dismiss, DMN was first required to establish that Moore's libel action was based on or in response to:

> (1) [DMN's] exercise of:
>> (A) the right of free speech;
>> (B) the right to petition; or
>> (c) the right of association; or
> (2) the act of [DMN] described by Section 27.010(b).

CIV. PRAC. & REM. § 27.005(b). DMN argued that Moore's claim was filed in response to DMN's exercise of its right of free speech, its right to petition, and its actions surrounding its journalistic process, which is protected by section 27.010(b).

Moore's argument against application of the TCPA focuses on the statutory definition of the "exercise of the right of free speech," which is "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). He contends that the article addressed matters that were not of public concern. But the article reported on the circumstances surrounding Moore's upcoming criminal trial in federal court. We have concluded that criminal acts are matters of public concern. *See, e.g., Garcia v. Semler*, 663 S.W.3d 270, 281 (Tex. App.—Dallas 2022, no pet.).

Regardless, the Article unquestionably comes within the ambit of the TCPA through section 27.010(b), which states that the TCPA applies to:

> a legal action against a person arising from any act of that person, whether public or private, related to the gathering, receiving, posting, or processing of information for communication to the public, . . . for the creation, dissemination, exhibition, or advertisement or other similar promotion of a . . . journalistic . . . work, including . . . an article published in a newspaper, website, magazine, or other platform, no matter the method or extent of distribution.

CIV. PRAC. & REM. § 27.010(b)(1). Moore's libel action was made in response to DMN's posting information for communication to the public; DMN disseminated a journalistic work, specifically, an article published on a website. *See id.* Thus, the TCPA applies to Moore's libel claim, and DMN has satisfied the first step of the statute's analysis.

We overrule Moore's fourth issue.

(2)    Did Moore establish a prima facie case of his libel claim?

In his third issue, Moore contends that he satisfied his TCPA burden to establish by clear and specific evidence a prima facie case for each essential element of his libel claims. Because we conclude below that DMN has established an affirmative defense to Moore's libel claim as a matter of law, we need not determine whether he carried this second-step burden. *See Mishkoff v. Garrett*, No. 05-22-01063-CV, 2024 WL 770142, at *4 (Tex. App.—Dallas Feb. 26, 2024, pet. denied) (mem. op.) (citing *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018) (assuming without deciding nonmovant met his step-two burden in concluding movant was entitled to dismissal, because he established an affirmative defense)).

We need not decide Moore's third issue.

(3)    Does the affirmative defense of limitations require dismissal?

The third step of the TCPA analysis requires a trial court to dismiss the legal action if the movant establishes an affirmative defense on which it is "entitled to judgment as a matter of law." CIV. PRAC. & REM. § 27.005(d). We review a defendant's motion under section 27.005(d) by applying a summary judgment standard. *Zidan v. Zidan*, No. 05-20-00786-CV, 2022 WL 17335693, at *6 (Tex. App.—Dallas Nov. 30, 2022, pet. denied) (mem. op.). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to establish that defense conclusively. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017). The defendant must prove when the plaintiff's cause of action

accrued and that the plaintiff brought its suit later than the applicable number of years thereafter. *Draughon v. Johnson*, 631 S.W.3d 81, 89 (Tex. 2021). If the plaintiff pleads the discovery rule, the summary judgment movant also bears the burden to negate its application. *Id.* at 90.

A plaintiff must bring suit for libel not later than one year after the date of the cause of action accrues. CIV. PRAC. & REM. § 16.002(a).

*Accrual of Moore's Libel Claim*

The determination of when a cause of action accrues is a question of law subject to de novo review. *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 274–75 (Tex. 2004). As a general rule, a cause of action accrues when a wrongful act causes some legal injury. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006). In a defamation case, that general rule sets accrual of the claim when the allegedly defamatory matter is published or circulated. *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 528 (Tex. 2019). When a challenged statement is made publicly available on the internet, the single publication rule applies, and "a cause of action accrues 'on the last day of the mass distribution of the printed matter containing the defamatory statement,' which is when 'the publisher of the statement has made the libelous matter available to his intended audience.'" *Id.* (quoting *Stephan v. Baylor Med. Ctr. at Garland*, 20 S.W.3d 880, 889 (Tex. App.—Dallas 2000, no pet.)).

DMN made the challenged Article publicly available on its website on February 23, 2018. Unless a legal principle operated to toll the one-year limitation period, Moore's claim accrued on that date, and he was required to bring his libel claim on or before February 23, 2019.[3]

*Application of the Discovery Rule*

Moore pleaded that the discovery rule should apply in his case. He argues that his claim should not have accrued until October 14, 2019, the date he actually saw and read the DMN article online at a family gathering.

Again, a cause of action normally accrues when a wrongful act causes some legal injury. *Via Net*, 211 S.W.3d at 313. Accrual may be deferred, however, if the nature of the injury incurred is inherently undiscoverable. *Id.* In that case, the discovery rule can toll accrual of a cause of action until the claimant discovers—or in the exercise of reasonable diligence should have discovered—the injury and that it was likely caused by the wrongful acts of another. *Id.*[4] "'An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed

---

[3] In Texas, accrual may be tolled if the claimant labors under certain legal disabilities. "If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period." *Id.* § 16.001(b). At one time, imprisonment was considered a legal disability that could toll accrual of a legal claim, but that is no longer the case in Texas. *Jackson v. Estelle*, No. 03-99-00004-CV, 1999 WL 1080089, at *1 (Tex. App.—Austin Dec. 2, 1999, no pet.). No legal disabilities are at issue in this case.

[4] Application of the discovery rule also requires proof that the evidence of injury is "objectively verifiable." *Via Net*, 211 S.W.3d at 313. In this case, the first half of the test is dispositive; we do not reach the requirement of objective verifiability.

limitations period despite due diligence.'" *Id.* at 313–14 (quoting *Wagner & Brown, Ltd. v. Horwood,* 58 S.W.3d 732, 734–35 (Tex. 2001)). Whether the discovery rule applies in a particular context is a question of law. *Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 721 (Tex. App.—Dallas 2015, no pet.). We decide the question "on a categorical rather than case-specific basis; the focus is on whether a *type* of injury rather than a *particular* injury was discoverable." *Via Net*, 211 S.W.3d at 314 (emphasis in original).

The discovery rule is a very limited exception to statutes of limitation. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 66 (Tex. 2011). The Texas Supreme Court has recently reflected on its rare application in defamation cases:

> Importantly, we have never held that the discovery rule applies to defamation claims except in the narrow circumstance involving a person's discovery of allegedly libelous information filed with a credit agency. *See Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976). And in fact, we suggested [in *Kelley*] that the discovery rule would rarely extend to other contexts. *Id.* In other words, we have suggested that for defamation suits, accrual generally occurs the date the publication is made.

*Hogan v. Zoanni*, 627 S.W.3d 163, 172 (Tex. 2021). The *Hogan* court's reference above to its "suggestion" in *Kelley* is to this specific statement: "We would not apply the discovery rule where the defamation is made a matter of public knowledge through such agencies as newspapers or television broadcasts." Kelley, 532 S.W.3d at 949.

Again, we determine whether an allegedly defamatory communication was discoverable based whether the type of injury it caused was discoverable. *Via Net*,

–11–

211 S.W.3d at 314. Moore pleads that the Article injured his reputation. He concedes that he became aware of this injury to his reputation when fellow inmates attacked him after they learned about the Article's report that he was charged with "heinous" crimes. The type of injury Moore allegedly suffered *was* discoverable; Moore discovered it within days after the Article was published. This is not surprising, given that the Article was posted online, i.e., it was disseminated via mass media. *See Holloway v. Butler*, 662 S.W.2d 688, 693 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.) ("We will follow the suggestion our supreme court made in *Kelley v. Rinkle,* 532 S.W.2d 947, 949 (Tex.1976), and refuse to apply the discovery rule where an allegedly defamatory statement is disseminated via the mass media."). Thus, the communication concerning his criminal charges to the public could cause this type of injury—injury to his reputation—almost instantly.

Moore complains that because he had no access to a telephone with an internet connection, he did not actually see and read the Article until months after he was released from incarceration. But the Article was not hidden or undetectable; it was readily available to the public. The fact that Moore himself did not read the Article within one year did not mean his injury was undiscoverable. *See Clark v. Dillard's, Inc.*, 460 S.W.3d 714, 722 (Tex. App.—Dallas 2015, no pet.). It is the plaintiff's *injury* that must be inherently undiscoverable to invoke the discovery rule. As we have repeated, Moore learned of the injury to his reputation when he was attacked in prison.

We conclude Moore's injury was not inherently undiscoverable. Accordingly, we conclude that the discovery rule did not apply in this case. We overrule appellant's first issue.

Nevertheless, in the interest of judicial efficiency, we make clear when Moore's claim would have accrued if the discovery rule had applied. Moore's own pleading confirms that on February 28, 2018, five days after the publication, Moore learned that someone had posted an article on the internet that contained statements he believed were libelous. Thus, if the discovery rule did apply, his claim would have accrued on that date, five days after the publication. The fact that Moore did not know who had made the post did not delay accrual. *Glassdoor, Inc.*, 575 S.W.3d at 530. His remedy was to file suit within the limitations period and conduct discovery to learn the identity of his defamer. *See id.* (citing *In re Does 1–10*, 242 S.W.3d 805, 814 (Tex. App.—Texarkana 2007, orig. proceeding) (noting that "in most cases involving Internet lawsuits based on libel or breach of contract, the scenario is that suit is brought against a Doe defendant, and the plaintiff at some point early in the proceeding seeks to discover his or her identity . . . through the discovery tools of that forum")).

*Application of Covid Emergency Orders*

In his second issue, Moore contends that he timely filed his libel suit under the Texas Supreme Court's Covid-19 Emergency Orders, which allowed filing

–13–

deadlines and statutes of limitations to be tolled in civil actions. The court's initial order stated in relevant part:

> All courts in Texas may extend the statute of limitations in any civil case for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted.

Misc. Docket No. 20-9042. That order was issued on March 13, 2020, and by its terms it allowed limitations periods to be extended. But we have concluded that Moore's claim accrued on September 23, 2018, or—at the very latest—on September 28, 2018. Thus, the limitations period for his libel claim ran—again, at the very latest—on September 28, 2019, months before the supreme court's order. That order allowed limitations periods to be extended, but it did not resuscitate limitations periods that had already expired or claims that were already barred.

We overrule Moore's second issue.

\* \* \*

We conclude that DMN established as a matter of law that Moore's libel claim was barred by the one-year statute of limitations. Accordingly, the trial court did not err in granting DMN's motion to dismiss pursuant to the TCPA. We overrule that portion of Moore's fifth issue.

**Dismissal of Moore's Claims under Rule 91a**

Moore's fifth issue also contends that the trial court erred by dismissing his claims against Krause pursuant to Rule 91a. Krause's motion argued that Moore's claim against him was barred by limitations and, therefore, had no basis in law.

A party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A Rule 91a motion may be based on an affirmative defense if the claimant's allegations, "taken as true, together with inferences reasonably drawn from them," establish the defense. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) (taking petition's allegations as true established affirmative defense of attorney immunity); *see also In re Springs Condominiums, L.L.C.*, No. 03-21-00493-CV, 2021 WL 5814292, at *4 (Tex. App.—Austin Dec. 8, 2021, no pet.) (mem. op.) (petition's allegations established claims were time-barred).

Moore's petition alleged that the Article written by Krause was published online on February 23, 2018; he learned of the Article five days later, on February 28, 2013. When addressing the Rule 91a motion, Moore asserted that he incorporated by reference the arguments he urged against DMN and its TCPA motion. We have addressed those arguments and concluded that Moore's libel claim against DMN is barred by limitations. The same reasoning bars Moore's claim

against Krause. Taking the petition's allegations as true, Moore's claim has no basis in law. TEX. R. CIV. P. 91a.1.

We conclude the trial court did not err in granting Krause's motion to dismiss pursuant to Rule 91a. We overrule that portion of Moore's fifth issue as well.

## CONCLUSION

We affirm the trial court's judgment.

/Bill Pedersen, III/

BILL PEDERSEN, III

JUSTICE

221286F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAYSON HOWARD MOORE,
Appellant

No. 05-22-01286-CV     V.

DALLAS MORNING NEWS, INC.
AND KEVIN R. KRAUSE,
Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-06923.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Dallas Morning News, Inc. and Kevin R. Krause recover their costs of this appeal from appellant Jayson Howard Moore.

Judgment entered July 17, 2024